CITY OF OWENSBORO et al., Appellants,

v.

Clarence NOFFSINGER, Appellee.

Court of Appeals of Kentucky.

June 17, 1955.

Joseph H. McKinley, Paul D. Miller, Owensboro, for appellants.

Anderson & Anderson, John B. Anderson, E. B. Anderson, Owensboro, for appellee.

CAMMACK, Judge.

This is a statutory proceeding instituted by the City of Owensboro, pursuant to KRS, Chapter 95, to dismiss permanently the appellee, Clarence Noffsinger, from its police force because of his alleged neglect

of duty, misconduct, violation of law and conduct unbecoming an officer. The Board of Commissioners of the City, after a hearing of the charges preferred against Noffsinger, ordered his dismissal from the police force. He appealed that order to the circuit court where, after a hearing before a jury which recommended that he be reprimanded and reinstated to his former position, a judgment was entered reprimanding him and ordering his reinstatement on the police force. The City is contending that the judgment is erroneous because Noffsinger was not entitled to a jury trial; and also, that the only question for determination on appeal to the circuit court is whether the evidence is reasonably sufficient to uphold the Board's order.

The evidence, which is not disputed, shows that Noffsinger was scheduled to report for duty at 8:00 p.m. the night of January 23, 1954. Instead, he caused a call to be made to police headquarters, reporting that he was sick and unable to assume his duties. However, he left Owensboro, and proceeded to Madisonville where he became involved in an altercation with Thomas Shelton because of attentions Shelton was paying Noffsinger's wife, Nelda.

Mrs. Noffsinger and Shelton had been involved in a clandestine love affair for some time. On the night in question they had made arrangements to meet in Madisonville, where Mrs. Noffsinger's mother resided. Shelton's wife, upon learning that the meeting was planned, contacted Noffsinger and they went to Madisonville for the purpose of catching Mrs. Noffsinger and Shelton together. After an unsuccessful search in Madisonville, they drove to a place near the home of Mrs. Noffsinger's mother and waited in Noffsinger's car until about 1:45 a.m. At that time Shelton and Mrs. Noffsinger arrived in Shelton's car. Noffsinger turned a spotlight on Shelton's car and Shelton drove away immediately. After going two or three blocks, Shelton stopped long enough to let Mrs. Noffsinger out and then continued his flight. Noffsinger chased him about eight miles beyond Madisonville. During the chase Noffsinger fired nine shots from a pistol at Shelton's car. Finally Shelton was forced into a ditch and Noffsinger proceeded to beat him on the head with the butt of his pistol. Noffsinger returned to Owensboro that morning and reported the events that had occurred during the night to the Chief of Police.

Shelton caused a warrant to be issued charging Noffsinger with malicious shooting and wounding with intent to kill. At his trial in June, 1954, Noffsinger pleaded guilty to the lesser charge of shooting in sudden affray and he was fined $250 and sentenced to six months in the county jail. He paid the fine and was placed on probation for the jail sentence; the probationary period has now expired. In the meantime, the Chief of Police of Owensboro preferred charges against Noffsinger before the City Board of Commissioners for his removal from the police force because of his conduct.

Since a proceeding to dismiss a policeman is wholly statutory and is not in the nature of, or similar in character to, a suit at common law, whether the appellee was entitled to a jury trial on appeal to the circuit court must be determined from the statutes. The statute in question, KRS 95.460(2), reads:

"Upon request of the accused the clerk of the city legislative body shall file a certified copy of the charges and the judgment of that body in the circuit court. Upon the transcript being filed the case shall be docketed in the circuit court and tried de novo."

It is thus apparent that the statute neither authorizes nor precludes a jury trial. The previous statute, section 3138-5 of the Kentucky Statutes, provided:

"* * * Upon the request of the party accused, the clerk of the board shall file a certified copy of the charges made, and the judgment or the finding of the board in the circuit court, which transcript having been filed, the cause shall be docketed in the circuit court and tried de novo by the judge of said court."

The statute authorizing an appeal by policemen in cities of the fourth and fifth classes, KRS 95.766(2), provides that the appeal shall be "tried de novo by the judge of said court."

 In construing a statute which is ambiguous, or when the meaning is not clear, a court may look to a prior act from which it was taken, or one of which it is a revision, or one relating to the same subject matter, in order to arrive at the intent and purpose of the Legislature. Hamilton v. Kentucky Distilleries & Warehouse Co., 6 Cir., 288 F. 326. The court should look to the letter and spirit of the statute, viewing it as a whole; and should look also to the circumstances under which it was enacted. It may view other similar statutes. Button v. Hikes, 296 Ky. 163, 176 S.W.2d 112, 150 A.L.R. 779. It has always been a recognized power of courts in the construction of statutes to delete or interpolate words to prevent an absurd consequence or to resolve an ambiguity in order to carry into effect the spirit, purpose and intent of the lawmakers. Fidelity & Columbia Trust Co. v. Meek, 294 Ky. 122, 171 S. W.2d. 41. Viewing the statute in question in the light of these considerations, we think the Legislature intended that the ordinary appeal to the circuit court from an order of a city legislative body concerning action taken against a policeman or fireman should be heard by the court without a jury. It follows that the court erred in granting a jury trial in the case.

The City contends also that the only question for determination by the circuit court was whether the evidence was reasonably sufficient to uphold the ruling of the Board of Commissioners. In the recent case of Louisville and Jefferson County Planning and Zoning Commission v. Grady, Ky., 273 S.W.2d 563, 566, which involved a statute providing for a de novo trial on appeal to the circuit court, we said that:

"'* * * the test in the Circuit Court is not whether the administrative decision finds reasonable support in substantial evidence, but whether or not the Circuit Court, hearing witnesses anew, acting as a fact-finding body, from a consideration of all the evidence heard in the Circuit Court, is of the opinion that the evidence heard in the Circuit Court preponderates against the decision made by the Commission.'"

What was said in the Grady case in regard to the question of a de novo trial is controlling of the issue in the case before us.

The judgment is reversed, with directions to set it aside, and for proceedings consistent with this opinion.