**Hoyt GRUBBS, Appellant,**

v.

**CITY OF MIDDLESBORO, Appellee.**

Court of Appeals of Kentucky.

Dec. 2, 1955.

A. E. Funk, Jr., Middlesboro, for appellant.

H. Kelly Clore, Pineville, for appellee.

MILLIKEN, Judge.

The appellant, Hoyt Grubbs, was a city fireman in Middlesboro for seven years before his discharge by the City Council upon charges brought against him by the Chief of the Fire Department, Richard Knipp. City firemen are protected by civil service under KRS, Chapter 95.

Grubbs was charged with being absent without leave at various times in the summer of 1954 and of using profane and abusive language to the Chief after the charges were filed against him. Grubbs had two other vocations—as a car salesman for a motor company on a salary and commission basis, and as circulation manager of a newspaper. A hearing on the charges was held de novo in the Circuit Court, and judgment was granted sustaining the action of the City Council. The only ground urged for reversal is that there is not sufficient evidence to sustain his dismissal as a civil service employee.

Fire Chief Knipp testified that the Fire Department worked two shifts; that he was in charge of one shift and the Assistant Chief, James Herrell, Grubbs' father-in-law, was in charge of the other shift, and Grubbs was a member of Herrell's shift. Chief Knipp, however, resides permanently at the fire house, and is in a position to observe the activities of the men most of the time. The Chief testified that he had kept a written record of the dates and times Grubbs had been absent without leave during the months of June and July, 1954; that Grubbs did not have anyone work for him on those occasions, although it was the policy of the Department for a fireman who wanted to be off duty to hire one of the other qualified firemen to work in his place. Grubbs was apprised of this written record during the hearing before the City Council and at the trial de novo in the Circuit Court he produced no witnesses to contradict it.

Walter Combs, a policeman, testified that at the request of Chief Knipp he checked four or five times and found Grubbs at baseball games at hours when he was supposed to be on duty. Grubbs admitted he was at a baseball game on the evening of July 5, one of the times when he was accused of being absent without leave, but stated that Walter Veneable worked for him on that occasion. Mr. Veneable was not called by him to testify, but Chief Knipp denied that Veneable worked for Grubbs on that occasion. Frank Williams, ticket man at the ball park, testified that Grubbs had a book of season tickets to ball games and was at the ball park practically every night there was a home game. He did not know whether the games were played at times when Grubbs was supposed to be working as a fireman.

We believe it is clear from the résumé of the evidence that the City Council and Circuit Court had substantial grounds for removing the appellant from his job as City fireman. This court cannot usurp the functions of local governing agencies where it is apparent their powers were exercised reasonably. Williams v. City of Newport, 229 Ky. 810, 18 S.W.2d 283; Northcutt v. Hardebeck, 244 Ky. 842, 52 S.W.2d 901. Furthermore, the City Council and Circuit Court saw the witnesses, and due regard must be given to that fact by this court when reviewing the case on appeal. CR 52.01.

The judgment is affirmed.