Guy HARRELL, Appellant,

v.

CITY OF MIDDLESBORO, Appellee.

Court of Appeals of Kentucky.

Feb. 24, 1956.

A. E. Funk, Jr., Middlesboro, for appellant.

H. Kelly Clore, Pineville, for appellee.

MOREMEN, Judge.

This is an appeal from a judgment of the Bell Circuit Court which upheld an order of the Middlesboro Common Council dismissing the appellant, Guy Harrell, from his duties as chief of police of the city of Middlesboro. In the proceedings before the common council to oust Harrell, he was charged with and convicted of conduct unbecoming an officer, insubordination and inefficiency.

Upon appeal to the circuit court, Harrell filed a motion for trial by jury which motion was properly overruled on January 10, 1955. City of Owensboro v. Noffsinger, Ky., 280 S.W.2d 517. The following day,

Harrell filed motion with a supporting affidavit (under KRS 23.230) and requested the trial judge to vacate the bench. This motion was overruled on February 15, 1955, and in a trial held the same day, judgment was entered upholding the action of the common council; hence this appeal.

Harrell contends that: (1) the trial court committed reversible error in refusing to vacate the bench; and (2) the evidence was insufficient to justify appellant's dismissal as chief of police.

█ We have held that objection to a trial judge must be made before entrance of general appearance or the submission of preliminary motions preparatory to trial, McGill v. Coomer, 309 Ky. 703, 218 S.W.2d 947, the theory being that the party, already in possession of facts which he believes should disqualify the judge, must make known these facts at the outset and not wait until the judge has made a ruling against him before moving for disqualification. The affidavit in support of the motion to vacate indicates that Harrell was aware of the facts allegedly disqualifying the judge when he made the preliminary motion. His motion came too late.

Under the second ground urged for reversal, we will discuss only those incidents which we believe were fully proved, and will keep in mind the rule stated in the recent case of Grubbs v. City of Middlesboro, Ky., 284 S.W.2d 668, 669, where it is said:

"This court cannot usurp the functions of local governing agencies where it is apparent their powers were exercised reasonably. Williams v. City of Newport, 229 Ky. 810, 18 S.W.2d 283; Northcutt v. Hardebeck, 244 Ky. 842, 52 S.W.2d 901."

The statute which grants authority for the removal of a member of the police department, KRS 95.450, reads in part:

"* * * no member of the police or fire department in cities of the second and third classes shall be reprimanded, dismissed, suspended or reduced in grade or pay for any reason except inefficiency, misconduct, insubordination or violation of law or of the rules adopted by the city legislative body, * * *."

It may be noted that the above statute is very broad and general in nature and makes no attempt to define specific acts which may be classified as constituting inefficiency, misconduct or insubordination. Even the expression, "violation of law," is so broad that it is not of great value as a guidepost. We can only surmise the General Assembly used these general terms because it intended that they might properly be defined by the accepted rules of conduct in a particular community where they applied.

█ In order that the terms might be interpreted in the light of the customs of the community, their application and definition were left to the legislative body of that particular political entity instead of to the courts, except upon appeal. So, under this statute, the legislative body is charged with the duty of performing the judicial act of trying the accused officer and we believe we must accord to the judgment of that body the weight and sufficiency attributed to the legislative branch of the government in matters requiring definition of public policy.

█ It is true KRS 95.460 requires that upon appeal to the circuit court the case should be tried de novo by the judge of that court. We do not believe this to mean that the finding of the common council should not be assigned some weight, and interpret it to mean that the common council's finding as to the mores of the community should be given consideration.

The charges filed against Harrell were predicated upon misconduct, insubordination and inefficiency and seventeen specific offenses were alleged. There was no attempt to prove many of them.

█ The principal issues involve these incidents:

(1) The proof discloses that for many years prior to November 10, 1948, slot

machines were operated openly in Middlesboro. They had been placed in drugstores, grocery stores, restaurants and other business establishments. We believe it fair to assume the matter of their operation was common knowledge in the community. During all this period appellant was either chief of police or a member of the force, and may be properly charged with the knowledge of their operation. Under KRS 62.040, every peace officer is required to take an oath that he will endeavor to the best of his ability to detect and prosecute all gamblers and others violating the laws against gambling. There is no attempt in appellant's brief to deny that he was aware of this open violation of the law. Instead he attempts to excuse this dereliction by stating that during this same period all other public officials in Bell County, including the circuit court judge, commonwealth's attorney, county attorney, sheriff and deputies and various grand jurors, who also were charged with the enforcement of gambling laws, likewise failed to perform their duty in this connection. The common council and the circuit court believed this was not an excuse sufficient in law—and so do we. If such were the case, every law violator would be excused when he pointed to another who was also violating the law.

(2) The second incident involved an occasion when appellant was guilty of directing insulting and profane language in a public place towards an attorney against whom he evidently bore animosity. This too was misconduct on the part of a man who was specifically charged with maintaining the public peace.

(3) The third affair arose in this manner: In December 1949, while appellant was under suspension because he had been indicted on an alleged perjury charge of which he was later acquitted, he assaulted and struck one Gaines Williamson on the public street. In defense to this, appellant pleads provocation. But we find no mitigating circumstance in this attack.

The distressing feature we see in this case lies in the fact that these charges were not promptly made and prosecuted before the common council at the time of their occurrence. We suppose the relationship of employer and employee existing between a municipality and its peace officers is no different from any general employment where often the final straw "breaks the camel's back," and results in dismissal.

Under the circumstances, we are not disposed to disturb the finding of the common council, nor do we believe that the ruling of the circuit court was clearly erroneous under CR 52.01.

The judgment is therefore affirmed.