Elvin C. OSBORNE, Appellant,

v.

BULLITT COUNTY BOARD OF EDU-
CATION, Appellee.

Court of Appeals of Kentucky.

March 31, 1967.

Rehearing Denied June 30, 1967.

Gilbert Hale Nutt, William P. Mulloy, Louisville, for appellant.

T. C. Carroll, Burlyn Pike, Taylor & Pike, Shepherdsville, for appellee.

OSBORNE, Judge.

This is an appeal from an order of the Bullitt Circuit Court affirming the County Board of Education in discharging appellant as a teacher in the public schools of Bullitt County. Specifically the appeal involves the procedures to be followed by a school board in discharging a teacher who has a contract of employment. The charges as filed by Mr. M. J. Cundiff, as chairman of the County Board of Education and Mr. Thomas Jefferies, as secretary, charge appellant as follows:

"1. Insubordination based upon fact that you refuse to co-operate with the principal of your school in the conduct of the school and the orders issued by him and your conduct toward him has been such that it is disruptive of the progress of the school.

"2. You have distributed alleged copies of confidential records from files of the school that have because of your so doing has violated instruction of your superiors in office and created prejudices against the manner in which the school has been conducted. (sic)

"3. You have failed to properly instruct the pupils in the subjects taught by you and do not have proper attention from or control over your pupils.

"4. You have installed in your room, where you teach, a punching bag, without necessary permission to do so and without permission have moved basketball basket from where they were located (sic) to other places.

"5. Your suggestion as to conduct of P.T.A. has been such as would cause same to be discredited if followed out.

"6. Your conduct in connection with teaching has not been for best interest of the school.

"7. In threatening to file suit against the principal of the school and statements included in the copies of confidential reports distributed by you. (sic)

At the hearing, which was held on February 10, 1966, at the office of the Bullitt

County Board of Education at 1:30 P.M., the appellant specifically objected to going to trial under the charges for the reason that they were not sufficiently specific to inform him of the nature of his offenses and did not meet the requirements of KRS 161.790. In addition to appellant's objection to the vagueness of the charges, he attempted at the commencement of the hearing to examine the members of the school board concerning any prejudice they might hold against him and as to any information they had received adverse to him. The school board denied his request, and the members declined to testify. The hearing was conducted before the school board. Various witnesses testified for both parties. Both appellant and the Board of Education were represented by counsel.

In examining appellant's first contention that the charges against him were not sufficiently specific, we must examine the language contained in KRS 161.790, wherein it is provided:

"The contract of a teacher shall remain in force during good behavior and efficient and competent service by the teacher and shall not be terminated except for any of the following causes:

"(a) Insubordination, including but not limited to 1. violations of lawful rules and regulations established by the local board of education for the operation of schools, and 2. refusal to recognize or obey the authority of the superintendent, principal, or any other supervisory personnel of the board in the performance of their duties;

"(b) Immoral character or conduct unbecoming a teacher;

"(c) Physical or mental disability;

"(d) Inefficiency, incompetency, or neglect of duty, when a written statement identifying the problems or difficulties has been furnished the teacher or teachers involved.

"(2)(a) Charges on the above causes shall be supported by written records of teacher performance by the superintendent, principal, or other supervisory personnel of the board. (b) Marriage of a teacher shall not be cause for termination of the contract."

We note from the above that the contract can not be terminated except for insubordination; violation of lawful orders and regulations; refusal to recognize or obey the authority of the superintendent, principal or other supervisory personnel; immoral character or conduct unbecoming a teacher; physical or mental inability; inefficiency; incompetency or neglect of duty. However, if charged with the latter three, a written statement must previously have been given to the teacher identifying the problems or difficulties. All charges must be supported by written records of teacher's performance by the superintendent, principal or other supervisory personnel. Now, to test the charges with the requirements contained in the statute.

Charge #1 is "insubordination based upon fact that you refuse to co-operate with the principal of your school in the conduct of the school and the orders issued by him and your conduct toward him has been such that it is disruptive of the progress of the school." We note that this charge is apparently drawn under § 1A of the statute as it includes insubordination, but it does not charge that there was a violation of any rule or regulation established by the board of education, nor does it charge that he refused to recognize or obey the authority of the superintendent or principal. It charged, instead, that he refused to cooperate with the principal. This may seem like "nit-picking" at first blush but there can be a great difference between not obeying and not cooperating. However, to pass over this failure, we are of the opinion that the charge as framed does not furnish appellant with facts upon which he could reasonably formulate a defense. It gives no date of his actions,

nor does it indicate in any way the specific nature of the acts. The charge as it is framed could be validly asserted against almost any one, as it is more subjective than objective.

The second charge is "you have distributed alleged copies of confidential records from files of the school that because of your so doing has violated instruction of your superiors in office and created prejudices against the manner in which the school has been conducted." (sic) To read this charge in its most favorable light, it appears the appellant is being accused of violating the instructions of his superiors by distributing copies of confidential records from the files of the school. This again would come under § 1A insubordination including violation of lawful rules and regulations established by the local board of education. However, there is no charge that the board had enacted a rule or regulation prohibiting the removal of these records from the files, and their removal, unless it is a violation of a rule lawfully enacted by the board, would not constitute misconduct.

The third charge, "you have failed to properly instruct the pupils in the subjects taught by you and do not have proper attention from or control over your pupils" would come under § 1D inefficiency, incompetency or neglect of duty. However, here we find that the statute requires a written statement identifying the problems or difficulties which first must have been furnished to the teacher. The charge does not ·indicate that such statement was furnished nor does the charge contain within it such statement. Therefore, in our opinion, it does not meet the requirements of the statute.

The fourth charge reads, "You have installed in your room where you teach, a punching bag, without necessary permission to do so and, without permission, have moved basketball basket from where they were located to other places." (sic)

Certainly there is nothing contained herein that meets the requirements of the statute. The same is true of the fifth charge.

The sixth charge reads, "your conduct in connection with teaching has not been for best interest of the school." (sic) This charge might possibly be construed as incompetency, however, again we point out the facts of the incompetency must be alleged and not the conclusion.

The seventh charge of threatening to file suit against the principal is not sufficient grounds for discharge as the suit might be justified, nor does it appear that the suit is malicious or groundless. We deem the foregoing statement of charges to be too vague and indefinite to furnish the appellant with sufficient information upon which he could base a defense. We also find that they do not conform to, or meet, the standards required by KRS 161.790.

Appellant's next allegation of error in the proceedings is the refusal of the members of the school board to be called and examined upon their possible prejudice against him. We believe that they should have submitted to such examination. Most certainly appellant was entitled to show in the record that those who were responsible for his discharge were motivated by improper and unfounded reasons. We are deeply concerned with the procedure which requires a teacher to submit to a trial at the hands of the school board, the members of which wear three hats; the hat of the employer, the hat of the prosecutor, and the hat of the trier. In the case of Board of Education v. Chattin, Ky., 376 S.W.2d 693, we held that, upon appeal, the circuit court was limited to an examination of the record of the proceedings held before the school board. The ruling therein was based upon our holding in American Beauty Homes Corp. v. Planning and Zoning Commission of Louisville and Jefferson Co., Ky., 379 S.W.2d 450, in which we held that a judicial review of administrative action should be limited to the question of

arbitrariness of the administrative body. We no longer think that the principles enunciated in American Beauty Homes should be extended to the problems herein involved. KRS 161.790(6) clearly states that in addition to examining the transcript of the hearing before the Board, the court shall hold additional hearings if this seems advisable and that evidence other than that contained in this transcript may be considered. To restrict the court to consideration of only that which occurred before the Board would be to completely ignore the provisions of this statute. Even though a school board is an administrative body, its functions are not exclusively administrative; especially this is true where the Board is proceeding under the provisions of the foregoing statute in the trial of a teacher for violation of his contract of employment.

The Supreme Court of Alabama in two separate cases dealt with this problem and concluded that de novo proceedings from actions of administrative bodies are proper. In dealing with the same type of case now before the court, viz., the discharge of a teacher for misconduct wherein the Superintendent of Education refused to answer questions propounded to him at the hearing before the Board of Education, and the Board of Education refused to allow its minutes to be introduced in evidence, the court said:

"A board of education is a part of the executive department, but in the operation of our public school system it exercises not only purely administrative functions, but others of a legislative character, and still others of a quasi-judicial character. Of the administrative type are the hiring of teachers, their assignment in the school system, and the management and control of school property. Of the legislative type are the making of rules and regulations and the determination of policies governing the hiring and assignment of teachers, and the use of school property. Of the quasi-judicial type is the power to hear and determine proceedings for the cancellation of contracts of tenure teachers.

"Although a board of education in the exercise of such powers of cancellation acts as a quasi-judicial body, it does not thereby lose its identity as an administrative body and become a court to the extent that the regularity of its action is to be tested by strict legal rules prevailing in court proceedings.

"While no particular form of procedure is prescribed for such hearings, due process must be observed. Such is the rule generally as to hearings provided for by statute before the administrative agencies. Morgan v. United States, 304 U.S. 1, 58 S.Ct. 773, 82 L.Ed. 1129; Interstate Commerce Commission v. Louisville & Nashville R. R. Co., 227 U.S. 88, 33 S.Ct. 185, 57 L.Ed. 431; Alabama Electric Cooperative, Inc., et al. v. Alabama Power Co., Ala.Sup., 36 So.2d 523; Alabama Power Co. v. City of Fort Payne, 237 Ala. 459, 187 So. 632, 123 A.L.R. 1337.

"The anomaly in procedure which permits the board of education, an administrative body, to serve in the triple capacity of complainant, prosecutor, and judge makes it vitally necessary that in reviewing administrative decisions courts zealously examine the record with the view to protecting the fundamental rights of the parties, lest the rule against arbitrariness and oppressiveness become a mere shibboleth. An appeal not being provided for, the review by mandamus must not be permitted to degenerate into a mock ceremony. The least that the courts can do is to hold high the torch of 'fair play' which the highest court of our land has made the guiding light of administrative justice. Morgan v. United States, supra." (State ex rel. Steele v. Board of Education of Fairfield, 252 Ala. 254, 40 So.2d 689.) See also Ex Parte Darnell, 262 Ala. 71, 76 So.2d 770.

Jaffee, in his book on Judicial Control of Administrative Action, reviews the deci-

sions of the several state courts in construing statutes that provide for trial de novo from proceedings of administrative bodies and concludes that the legislature should be free to vest the courts with de novo jurisdiction over these bodies.

"A legislature should be free to assign them first to an agency with trial de novo by a court rather than the usually appropriate limited review. Such an arrangement may have much to commend it. It may be possible to dispose of the great mass of business by informal or formal administrative process with judicial reconsideration available for the occasional case which is important enough to one of the parties to warrant the special values of judicial treatment. And there are certain decisions such as revocation of or failure to renew a license which are of crucial importance to the licensee, the decision of which is liable to be influenced by agency predilection or prejudice. A legislature may feel that for such cases there should be available the special safeguards of the judicial process. Considerations such as these should cause the courts to hesitate before holding that the statute imposes upon them a forbidden non-judicial function." Louis L. Jaffee, Judicial Control of Administrative Action, p. 103, (1965).

 We agree with the foregoing authorities that the legislature may properly require a trial de novo upon appeal from certain actions of administrative bodies without doing violence to the constitutional requirement of separation of powers. We believe the principle of due process requires that certain actions of administrative bodies be fully and completely reviewed in de novo proceedings especially where due process has not been observed in the administrative proceeding. For these reasons we believe that Board of Education v. Chattin, supra, should be overruled to the extent that it conflicts with the views herein set out.

KRS 161.790(6) provides:

"The teacher shall have a right to make an appeal both as to law and as to fact to the circuit court. * * * The court shall examine the transcript and record of the hearing before the board of education and shall hold such additional hearings as it may deem advisable, at which it may consider other evidence in addition to such transcript and record. Upon final hearing, the court shall grant or deny the relief prayed for in the petition * * *"

Since the charges brought by the board were not sufficient to support the order of dismissal and the proceedings before the board did not meet the requirements of due process, the trial court should have set aside the order. The case is remanded for proceedings consistent with this opinion and the provision of the foregoing statute.

The judgment is reversed.

All concur.