**CITY OF GLASGOW, Kentucky, Appellant,**

v.

**Robert Clifton DUNCAN, Appellee.**

Court of Appeals of Kentucky.

Feb. 7, 1969.

Joe L. Travis, Glasgow, for appellant.

Robert M. Alexander, Glasgow, for appellee.

HERMAN G. JORRIS, Special Commissioner.

This appeal is from an order of the Barren Circuit Court setting aside a decision of the common council of the City of Glasgow, a third-class city, wherein Robert Clifton Duncan was discharged as a sergeant of the Glasgow police force. The trial court ordered that Duncan be reinstated.

Robert Clifton Duncan, a police officer of the City of Glasgow for six years, was discharged by the common council for conduct unbecoming a police officer, on being found guilty of two of four specific charges, three of which were heard by the trial court on appeal and will be mentioned here.

The first charge concerned the alteration of an accident report involving a police cruiser in which Duncan was riding and was injured. Duncan admits he changed the report to indicate his injury but did not do so with any attempt to deceive or to receive any gain therefrom, nor does the record indicate otherwise.

The second charge against Duncan was that he accepted employment as a guard from Gibson Discount Store in violation of KRS 61.310, and that during his employment a valuable watch was stolen. There is not one iota of evidence in the record by which Duncan could be connected with the disappearance of the watch; and each witness for the appellant in that regard testified that they had no reason to suspect him. Further, the evidence clearly shows that Duncan complied with the city's rules regarding outside employment and his employment with Gibson Discount Store was approved by his superior, the chief of police.

Thirdly, Duncan was charged with transporting a large quantity of alcoholic beverages from the 31–W Liquor Store in Bowling Green to Glasgow, Kentucky. Duncan was found innocent on this charge by the council but the same evidence was heard by the trial court in the de novo hearing and nothing appears in the record which convinced the trial court otherwise.

■ The city council occupies the same role here as did the school board in Osborne v. Bullitt County Board of Education, Ky., 415 S.W.2d 607; therefore, the trial de novo required by KRS 95.460 was properly conducted.

Appellant argues that the evidence produced before the trial court did not preponderate against the findings and action of the city.

■ The court heard eighteen witnesses and discussed the applicable law with counsel for both sides, and a reading of the record shows the evidence overwhelmingly in favor of Duncan and very decisively against the findings of the common council. Evidence must be reasonably sufficient to warrant removal. Armstrong v. Board of Civil Service Commissioners, 243 Ky. 415, 48 S.W.2d 1055. The trial court had the opportunity to observe the witnesses and their demeanor while testifying and in the whole case found the evidence was not sufficient to warrant the council's action.

Appellant further argues that Duncan, a police officer of a third-class city, had no right to appeal to the circuit court from the decision of the council.

■ The case of Morgan v. City of Winchester, Ky., 411 S.W.2d 682, decided in February, 1967, is determinative of this issue. The enactment of KRS 85.335 placed a mandate upon the appellant to follow the procedure set out in KRS 95.450, and the appellee's right to appeal is provided for under KRS 95.460. The appellant cannot ignore these superior legislative enactments. The power of the legislature is absolute over the city. This court, in the case of Allen for Use and Benefit of City of Middlesboro v. Hollingsworth, 246 Ky. 812, 56 S.W.2d 530, 531, rejected the theory that a right to self government inheres in Kentucky municipalities.

Appellant's construction of KRS 85.335 is parallel with that of appellee in the Morgan case, supra, and to which this court cannot subscribe. The Morgan case states the law applicable here thusly: "In our view the language of the statute means what it says and plainly says that the safeguards provided in KRS 95.450 shall obtain as necessary prerequisites in the discharge of members of police and fire departments in third-class cities."

The judgment is affirmed.

All concur.