**CITY OF RICHMOND, Kentucky, Appellant,**

v.

**Walker HOWELL, Appellee.**

Court of Appeals of Kentucky.

Dec. 12, 1969.

tify his dismissal but did "establish a lesser degree of misconduct" and ordered his suspension for a period of forty-five days without pay. We reverse.

We describe briefly the five charges. The first charge alleged appellee refused to obey an order of the chief of police to arrest the seller of alcoholic beverages for a sale of beer to two seventeen-year-old boys, one of whom was the son of appellee. Charge two alleged appellee confiscated beer and other items and did not turn them in at the police station. He was accused in charge three of refusing to follow police regulations requiring all misdemeanors and felonies to be reported to the city detective.

By charge four it was alleged appellee instructed the police radio operator not to log his calls when he was out of the police car.

General insubordination was the substance of the fifth and last charge.

After a trial *de novo* in the circuit court, charge two was found to be either unproven or trivial, and we agree, except that the evidence with respect to charge two affords some strong circumstances supporting charge five (insubordination).

In the interest of brevity, we shall discuss only charge five, except to say that the trial court found under charge three appellant advised the radio operator he had fourteen-years' experience as a policeman and that he did not need the assistance of the detective when the matter of notifying the detective was discussed, which constituted a disregard for the regulations of the police department and went to the question of insubordination under charge five.

As to charge five, the trial court noted in his memorandum opinion:

"It is clear that Howell did violate the departmental regulation concerning reporting of felonies.

\* \* \* \* \* \*

---

Steve Robbins, Richmond, for appellant.

John M. Coy, Coy & Coy, Richmond, for appellee.

EDWARD P. HILL, Jr., Chief Justice.

The legislative body of the appellant city of Richmond, a third-class city, preferred five charges against appellee, policeman Walker Howell, and after a hearing dismissed him (KRS 95.450). He appealed to the circuit court (KRS 95.460), where judgment was entered finding that some of the charges were sufficiently proven and others were not. The circuit court adjudged that appellee's conduct did not jus-

"* * * that Officer Howell was insubordinate on the felony investigation occasion and, to a degree, on the radio logging incident; that he showed disrespect for the Chief on the occasion concerning his son, although under mitigating circumstances.

* * * * * *

"Obviously from the language of the fifth charge and from the proof itself, the relationship between Howell and the Chief has been a poor and deteriorating one.

* * * * * *

"The Court further rules that sufficient evidence was introduced to show some incidents of conduct on the part of Officer Howell to establish a lesser degree of misconduct on his part so as to warrant a suspension from the Police Department, without pay, for a period of forty-five days. * * *"

The statute providing for an appeal to the circuit court in these cases defines the procedure on appeal as a *"de novo"* hearing.

The appellee received a *de novo* hearing, and a fair one, but the question in the circuit court and in this court is whether, granted the charges are substantiated, the circuit court may substitute its judgment for that of the legislative body of the city as to discipline to be imposed.

Insubordination is one of the grounds for dismissal or suspension under KRS 95.450. Insubordination by a police officer of his superior and disregard and disrespect of the rules and regulations of the department are no laughing matters. This is particularly true in smaller cities where situations often require cooperation and mutual assistance by members of the police force. To begin with, they are the men who carry the hardware on their hips and need trust and confidence in each other, not strife, jealousy, and ill will.

In the conduct and management of a police department, the city, like any other business, by necessity must have rules and regulations and must have a means of enforcing them. The city officials are in better position to perform this function than are the courts. Certainly the courts would not relish the notion of acting as disciplinarian of the numerous police officers throughout the Commonwealth. Sound public policy requires that the matter of punishment and discipline of the police officer be left to his employer— the legislative body in the present instance.

In Kilburn v. Colwell, Ky., 396 S.W.2d 803, we had a situation factually similar to the case at bar. There we said at page 804:

"We do not agree that the two offenses of which Kilburn was found guilty are merely technical and not of sufficient gravity to justify his dismissal. * * * But even if the two charges had been of less serious import, we could not say the punishment was too severe, because it is common knowledge that personnel troubles, like marital difficulties, are similar to an iceberg in that there is generally more beneath the surface than appears to the naked eye."

Appellee argues that under KRS 95.460, providing for a trial *de novo,* the circuit court was authorized to change the punishment fixed by the city legislative body. Appellant, naturally, takes the opposite view. We find no recorded opinion of this court in which the penalty fixed by the city legislative body was modified by the circuit court or by this court. In fact, KRS 95.460(4) makes an appeal to this court from the judgment of the circuit court dependent upon the punishment fixed by the city legislative body, which indicates the legislative intent that the punishment should not be changed by the circuit court. This is not to say that the circuit court or this court could not set aside a punishment for patently frivolous conduct.

Inconsistencies appear in some of our case law on the question of appeal under KRS 95.460. This statute requires that

upon appeal to the circuit court, the case be tried *de novo* by the judge of that court. In Harrell v. City of Middlesboro, Ky., 287 S.W.2d 614, and Kilburn, supra, this statutory provision was judicially construed to mean that the finding of the common council must be assigned some weight and that the burden of proof is shifted to the appealing party. This means that by judicial construction, the judicial review provided by the statute is something less than purely *de novo*. In City of Glasgow v. Duncan, Ky., 437 S.W.2d 199, there is dictum to the effect that at the circuit court hearing level the evidence must be reasonably sufficient to warrant removal. This would appear to shift the burden to the public authority, and this is inconsistent with the holdings in the Harrell and Kilburn cases. The result in Duncan is correct, however, because in Duncan this discharged officer fully sustained his burden of proof and demonstrated that the charges against him were not substantiated by any evidence.

In the case before us, the circuit court specifically found that the discharged officer was guilty of some of the charges preferred against him but attempted to ameliorate the penalty. Under the rationale of the Harrell and Kilburn cases, we find the circuit court was clearly without authority in this aspect.

The judgment is reversed with directions to enter judgment sustaining the action of the city legislative body in discharging appellee.

All concur.