Terrence K. BRADY, Movant,

v.

H. Foster PETTIT, Mayor, Lexington-Fayette Urban County Government, Dean D. Hunter, Jr., Chief Administrative Officer of the Lexington-Fayette Urban County Government, Sidney C. Kinkead, Jr., Chairman, Julian A. Jackson, Sr., Wilfred T. Seals, Walter Leet, Jr. and Wanda V. Cranfill, Members Lexington-Fayette Urban County Government Civil Service Commission, Respondents.

Supreme Court of Kentucky.

July 3, 1979.

Michael R. Moloney, Geralds, Cassidy & Moloney, Lexington, for movant.

R. Burl McCoy, Susan W. Wanat, Mary Ann DeLaney, C. Timothy Cone, Jane E. Graham, Lexington-Fayette Urban County Government, Lexington, for respondent.

STEPHENSON, Justice.

Following a hearing before the civil service commission of the Urban County Government, Terrence K. Brady was found guilty of misconduct and was discharged from his position as personnel director of the Urban County Government. The trial court held that Brady was not entitled to a trial de novo in circuit court and that the discharge was justified and entered summary judgment approving the action of the civil service commission. The Court of Appeals affirmed the judgment of the trial court. We granted discretionary review and reverse.

The facts as detailed in the opinion of the Court of Appeals are as follows. In 1974 Terrence K. Brady was serving as director of personnel of the Lexington-Fayette Urban County Government. On September 19, 20 and 24 the Lexington newspaper printed statements by Brady which accused the mayor of attempting to bend civil service rules in order to place political allies in jobs for which they were not qualified. Brady leveled numerous other charges against county officials to the effect that the merit system and civil service rules were being disregarded in the wake of political favoritism. Brady further threatened to resign, stating that he no longer felt allegiance to his job. On October 17, the mayor filed charges in accordance with KRS 67A.280 against Brady. After holding a lengthy hearing, the civil service commission concluded that Brady had a duty to discuss his accusations with his superiors in county government before airing them publicly. It was the opinion of the commission that Brady's conduct had undermined public faith in the personnel system and had caused a disruption of communication between himself and other persons in the executive branch of government. The commission found Brady guilty of misconduct and discharged him from the position of director of personnel.

Brady appealed this action of the civil service commission to the Fayette Circuit Court and demanded a trial de novo in accordance with KRS 67A.290, which provides:

(1) Any employe of the urban-county government found guilty by the civil service commission of any charge as provided by KRS 67A.280 or any action upheld under subsection (7) of the said section, or any amendment thereto, may appeal to the circuit court of the county in which the urban-county government is located within thirty (30) days after such action becomes final, but the enforcement of the judgment of the civil service commission shall not be suspended pending appeal.

(2) Upon request in writing by the accused and the payment of costs therefor, the secretary of the civil service commission shall file a certified copy of the charges and the judgment of that body in the circuit court. Upon the transcript being filed the case shall be docketed in the circuit court and tried de novo.

The trial court declined to hear the case de novo on authority of *American Beauty Homes Corp. v. Louisville and Jefferson County Planning and Zoning Commission,* Ky., 379 S.W.2d 450 (1964), and decided the case on the record brought before the court,

granting respondents' motion for summary judgment. The record did not include the transcript of evidence heard before the civil service commission.

We do not consider the decision of the trial court on the merits of Brady's claim of violation of his first amendment rights. We consider the threshold question, one of procedure and reverse on this ground.

 We are of the opinion the trial court erred in relying on *American Beauty Homes* without reference to the subsequent opinions by this court that have eroded the holding in *American Beauty Homes.* Standing alone, *American Beauty Homes* is authority that statutes providing for trial de novo in circuit court of administrative matters decided by appropriate bodies violates the constitutional doctrine of separation of powers and trial de novo provisions cannot be foisted upon the judiciary by the legislature. From the review of our opinions since, we conclude that *American Beauty Homes* now applies only to zoning matters and matters of like nature. A separate rule of law in de novo situations has developed in situations involving the discharge of teachers, policemen, firemen and the like. We conclude that the movant here falls within this category.

*American Beauty Homes* was decided in 1964 and overruled *Louisville and Jefferson County Planning and Zoning Commission v. Grady,* Ky., 273 S.W.2d 563 (1954). As stated *American Beauty Homes* rejected the de novo statute on the ground that the statute undertakes to impose on the court a nonjudicial function. *Grady* in considering a de novo statute in a zoning case held that "A hearing de novo means 'trying the dispute anew as if no decision had been previously rendered' " and recognized the authority of the legislature to determine by statute whether or not there should be a classic de novo hearing.

*Harrell v. City of Middlesboro,* Ky., 287 S.W.2d 614, 615 (1956), without referring to *Grady,* eroded the classic de novo stance of *Grady* in the discharge of a police officer saying:

In order that the terms might be interpreted in the light of the customs of the community, their application and definition were left to the legislative body of that particular political entity instead of to the courts, except upon appeal. So, under this statute, the legislative body is charged with the duty to performing the judicial act of trying the accused officer and we believe we must accord to the judgment of that body the weight and sufficiency attributed to the legislative branch of the government in matters requiring definition of public policy.

It is true KRS 95.460 requires that upon appeal to the circuit court the case should be tried de novo by the judge of that court. We do not believe this to mean that the finding of the common council should not be assigned some weight, and interpret it to mean that the common council's finding as to the mores of the community should be given consideration.

It is not clear from the opinion what type proceeding was held in the circuit court, only that a trial was held. *Harrell* foreshadowed *American Beauty Homes* and *Board of Education of Ashland School District v. Chattin,* Ky., 376 S.W.2d 693 (1964). *Chattin* involved the discharge of a school teacher and cited *American Beauty Homes. Chattin* held that a de novo trial could not constitutionally be thrust upon the courts, and on the factual issues the circuit court is confined to the record of proceedings had before the administrative body and is bound by the administrative decision if it is supported by substantial evidence.

The first indication that this court was not wholly committed to *American Beauty Homes* and *Chattin* came in *Kilburn v. Colwell,* Ky., 396 S.W.2d 803 (1965), there a police officer had been discharged and on appeal to the circuit court the case was tried de novo and the dismissal affirmed. Without reference to *American Beauty Homes* or *Chattin,* the opinion narrowed the holding in those cases relying on *Harrell* and citing a case relied upon in *Harrell*:

In *City of Owensboro v. Noffsinger,* Ky., 280 S.W.2d 517, 519 (1955), it was

held that in a de novo hearing under KRS 95.460 the question to be determined by the circuit court is not whether there is substantial evidence to support the action of the city legislative body, but whether the evidence preponderates against it. The practical effect of that test is to shift the burden of proof to the appealing party, which means that the review is something less than purely de novo.

Here the significant holding of a shift in the burden of proof is expressed for the first time. *City of Owensboro* was relied upon in *Harrell*, being cited with approval for the denial of trial by jury, but evidently relied upon at least to some extent in the holding. Thus a different rule in de novo had developed in cases involving the dismissal of public employees. This rule is further amplified in *Osborne v. Bullitt County Board of Education*, Ky., 415 S.W.2d 607 (1967). There *American Beauty Homes* is limited to zoning and other administrative acts and held not to be applicable to school teachers in particular and, although not stated, the implication is that other public employees are included. Also *Chattin* was overruled to the extent that it held that the trial court was limited to a review of the proceeding before the board and not a trial de novo. *Osborne* holds that the legislature may properly require a trial de novo upon *certain actions* of administrative bodies without doing violence to the constitutional requirement of separation of powers. While the statute under consideration was not a true de novo statute as here, *Osborne* made no distinction, implying the right to a de novo trial from the language of the statute. *Osborne* did not refer to *Kilburn* or mention the proposition of a shift in the burden of proof in circuit court. At this point it appears that the proposition of de novo is proceeding down several roads converging here so that we may attempt to unravel what are seeming inconsistencies.

In *Story v. Simpson County Board of Education*, Ky., 420 S.W.2d 578 (1967), we pointed out that *Chattin* had been overruled to the extent it denied the right to trial de novo in the circuit court and reversed for a trial de novo for the principal who had been discharged. No reference is made to *Kilburn* or *Harrell*.

*City of Glasgow v. Duncan*, Ky., 437 S.W.2d 199 (1969), involved the dismissal of a police officer. The opinion observed that the city council occupies the same role as the school board in *Osborne* and that a trial de novo was properly conducted. The circuit court heard the witness and set aside the order of the council dismissing Duncan. *Kilburn* and *City of Owensboro* are not referred to in the opinion, although there was argument cited in the opinion that the evidence produced before the trial court did not preponderate against findings and action of the city. This would lead us to believe that implicit in *City of Glasgow* was the recognition by the parties of the shifting of burden of proof inferred in *City of Owensboro* and articulated in *Kilburn*.

Finally in *City of Richmond v. Howell*, Ky., 448 S.W.2d 662 (1969), a policeman appealed his dismissal to the circuit court and received a de novo hearing. The circuit court, after the de novo hearing, reduced the penalty to a limited suspension. In reversing the trial court, the opinion goes on to say that the circuit court did not have authority to change the punishment fixed by the city legislative body. There is a statement that sound public policy requires that the matter of punishment and discipline of a police officer be left to his employer, the city legislative body. Here *Kilburn* is cited and relied upon, as was *Harrell*, reaffirming the proposition that the burden of proof is shifted to the appealing party; this together with the statement that the review provided by the statute is something less than purely de novo. The opinion points out dictum in *City of Glasgow* that would appear to shift the burden of proof to the public authority, which is inconsistent with *Harrell* and *Kilburn*, observing, however, that *City of Glasgow* reaches the correct result for the reason that the evidence was overwhelmingly in favor of the dismissed officer.

■ In summary, it appears that in public employee discharge cases where there is

a trial de novo statute, the discharged employee is entitled to something less than a classic trial de novo in circuit court. In this proceeding in circuit court the burden of proof shifts to the discharged employee. After review of the transcript of evidence or hearing the witnesses, the trial court is limited in its decision. The trial court may not substitute its judgment for that of the administrative body, that is, there may not be a substitute punishment. The trial court may find the discharged employee has failed to meet the burden of proof and affirm the action of the administrative board; or if it is found that the employee has sustained the burden of proof, the trial court may set aside the punishment.

With the exception of *Harrell* and *Osborne*, where the opinions do not reveal the type proceeding in circuit court, all the opinions subsequent to *American Beauty Homes* have revealed that the trial court has heard the witnesses. This procedure has not been a subject of controversy, and in addressing the principles of de novo this court has not mentioned the procedure other than a recitation of what transpired in the circuit court.

■ We are of the opinion that trial de novo be further refined to the extent that the discharged employee has the obligation of producing the transcript of evidence of the proceeding before the administrative board. We are of the further opinion that review of the transcript of evidence in circuit court is a corollary to the burden of proof which has shifted to the discharged employee. In circuit court the transcript of evidence is reviewed but the proceeding is not limited to this review; the discharged employee is accorded the right to call such additional witnesses as he may desire. The trial court's review is limited to a determination of whether the administrative body acted *arbitrarily*.

The opinion of the Court of Appeals and the judgment of the trial court are reversed with directions that Brady be granted a reasonable time to file the transcript of evidence and thereafter be granted a trial de novo consistent with this opinion.

AKER, CLAYTON, LUKOWSKY, REED and STERNBERG, JJ., concur.

STEPHENSON, J., and PALMORE, C. J., concur in part and dissent in part.

STEPHENSON, Justice, concurring in part; dissenting in part.

I agree this case should be reversed; however, I am unwilling to agree to any further refinements on the subject of de novo. The majority opinion has, by the changes in the present state of case law, turned around and started again down the road toward *American Beauty Homes.* My opinion is that there are practical considerations that militate against a requirement that the employee furnish the transcript of evidence. In many instances this may involve more expense than the employee is willing to risk.

I would construe de novo as giving the employee the option of furnishing the transcript of evidence or producing witnesses. Further, if the transcript of evidence is produced, the employee should have the right to produce additional witnesses as desired.

The decision of the trial court would then evolve on whether the discharged employee sustained the burden of proof.

PALMORE, C. J., joins in this separate opinion.