**300**

STRUCTURAL SYSTEMS, INC.,
Plaintiff-Respondent,

v.

BORG–WARNER HEALTH PRODUCTS,
INC., et al., Defendant-Appellant.

No. 42217.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 21, 1983.

Donald E. Heck, Clayton, for plaintiff-respondent.

Friedman, Weitzman & Friedman, P.C., Jay G. Newquist, St. Louis, for defendant-appellant.

SIMON, Judge.

Defendant, Borg-Warner Health Products, Inc., appeals from a judgment in a court tried case in the Circuit Court of Warren County. Plaintiff, Structural Systems, Inc., was awarded damages for defendant's breach of contract arising from nonpayment of the contract price. The trial court, making extensive findings of fact and conclusions of law, offset plaintiff's damage award by an award of damages on defendant's counterclaim. The trial court also awarded plaintiff interest as contained in the contract, attorney's fees and costs of litigation.

On appeal, defendant contends that the trial court erred: (1) in finding for plaintiff for breach of contract because it had ruled that plaintiff failed to perform all conditions precedent to recovery and thus, breached the contract; (2) in finding for the plaintiff because the evidence did not establish substantial completion of the contract by plaintiff in a workmanlike manner; (3) in finding that the contract is a construction contract, and not a contract for the performance of professional design services, which would require that plaintiff be licensed; (4) in finding that plaintiff pleaded breach of contract and not quantum meruit; (5) in awarding damages to plaintiff because the award is against the weight of the evidence, unsupported by the evidence and clearly erroneous; (6) in awarding judgment to plaintiff, assuming the award is based on quantum meruit, because the evidence is insufficient; (7) in determining damages awarded defendant on its counter-

claim; (8) in finding no implied warranty of fitness for a particular purpose.

■ In a court tried case, we defer to the trial court's determination of the credibility of witnesses and shall affirm a judgment if it is supported by substantial evidence, is not against the weight of the evidence and does not erroneously declare or apply the law. *Murphy v. Carron,* 536 S.W.2d 30, 32[1–3] (Mo. banc 1976), Rule 73.01.

■ Having reviewed the extensive briefs of the parties, the voluminous transcript and numerous exhibits, we find the essential facts to be as follows: Plaintiff submitted a bid in accordance with defendant's specifications and was awarded the contract for construction of a new office and plant addition. The contract provided for substantial completion within 180 days or March 25, 1975. Work on the contract was substantially completed on July 2, 1975. The defendant permitted the work to proceed beyond 180 days. The contract price was $665,976 of which defendant had paid $566,607, leaving a balance of $99,370. The court awarded damages to defendant of $24,540 due to plaintiff's failure to perform a portion of the construction in a workmanlike manner and in failing to comply with other contract provisions.

The trial court, in its findings, concluded: (1) that plaintiff's pleadings stated a cause of action for breach of contract, not quantum meruit, and the cause was tried under a theory of breach of contract; (2) the contract was primarily a construction contract, not a design contract; (3) under these particular facts, breach of warranty for new construction is not available; (4) defendant, by allowing plaintiff to substantially complete construction after the expiration of the 180 days, waived its right to terminate for the breach; (5) defendant can recover for plaintiff's failure to comply with the contract; (6) plaintiff was entitled to prejudgment interest as provided in the contract and one-half of its attorney's fees, expenses for depositions, engineer costs and photograph expense attributable to its cause of action.

Our review indicates that defendant's points are without merit. The trial court's findings and the judgment are supported by substantial evidence and are not against the weight of the evidence. Further, the trial court did not erroneously declare or apply the law. A detailed discussion would have no precedential value; we affirm under Rule 84.16(b).

Judgment affirmed.

DOWD, P.J., and GEORGE F. GUNN, Jr., Special Judge, concur.