## FULL GOSPEL COMMUNITY CHURCH, a Not-For-Profit Missouri Corporation, Respondent,

v.

## Billie NICHOLS, et al., Appellants,

and

## Eddie Moore, et al., Respondents.

### No. WD 35084.

Missouri Court of Appeals,
Western District.

Nov. 20, 1984.

Stephen W. Mendell, Dale, Flynn, Mendell, Barnes & Adams, St. Joseph, for appellants.

James W. Whan, Maryville, for respondents.

Before DIXON, J.P., and SHANGLER and CLARK, JJ.

DIXON, Judge.

This appeal is the culmination of a struggle between competing groups within a congregation to obtain control of a not-for-profit corporation and, consequently, the assets of that corporation. The central and controlling issue is the membership of the corporate board of directors.

The Full Gospel Community Church, Inc., was incorporated in 1979. The board of directors, as set forth in the articles of incorporation, were: Lawrence Webster, Elmer Noland, Ernest Kephart, Grant Roberts, Billie A. Nichols, and David Lane. There were no bylaws and the Articles contained no provisions for the election of successor directors. The Articles provided for no membership in the corporation and gave no voting power to the congregation.

Billie A. Nichols and his wife Geraldine owned a building located at 209 South Fourth, Tarkio, Missouri. Services were conducted in that building under the name "Full Gospel Community Church." There was no lease and no rent was paid. In a very informal way, the affairs of the

church were managed by the board of directors of the not-for-profit corporation. Geraldine Nichols, who acted as "Treasurer," handled the financial affairs.

In early 1981, the incumbent pastor left the church to resume theological study and the Reverend Eddie Moore assumed the pastorate. The congregation grew rapidly and discussions of a building program took place. Dissension arose over the proposed building project.

The new pastor, Rev. Moore, attempted to replace board members who had not attended meetings or church or who had submitted oral resignations to the board. The board did not elect or appoint the "replacements." Rev. Moore presented them to the congregation for approval. The putative board was comprised of Allen Hayes, Bill Shipley, David Shankel, Louise Graham, and Kim Clark.

A schism developed between the putative board, led by Rev. Moore, and the remaining members of the original board. The Moore group and many of the congregation voted (1) to adopt a set of bylaws, (2) to affirm Moore in his capacity as pastor, and (3) to move the church. Subsequently, the original board terminated Moore's employment. The Moore group (and most of the congregation) moved to another church building at 812 Main Street, Tarkio, Missouri, and asserted it was the bona fide board of the Full Gospel Community Church.

Both groups continued the use of the name, "Full Gospel Community Church." The group that included Rev. Moore caused the filing of a petition in the name of the corporation.

The plaintiff corporation's second amended petition was in four counts. The defendants were Nichols, Clark, Kephart, Roberts, McCoy, and Geraldine Nichols. Nichols, Kephart, and Roberts were members of the original board. Count I was for return of specified property and damages. Count II was to enjoin defendants from use of the corporate name. Count III was against Geraldine Nichols only and was for conversion of $2,391.00. Count IV was in trespass to the church at 209 South Fourth Street, Tarkio.

Defendants Nichols, Clark, Kephart, Roberts, McCoy, and Geraldine Nichols filed a petition as third-party plaintiffs against third-party defendants Moore, Shipley, Hayes, Graham, and Shankel, who were active in the group at the new location. Count I sought an injunction against third-party defendants to enjoin use of the corporate name and alleged that third-party plaintiffs were lawful directors of plaintiff corporation. Count II claimed damages to the door of the church at 209 South Fourth Street. Count III sought to enjoin third-party defendants from acting on behalf of plaintiff corporation. Count IV was for abuse of process. Count V was a separate allegation of abuse of process.

The trial court found against plaintiffs on Count I and declared that the enumerated property belonged to the named defendants. Count II of plaintiffs' petition was sustained and defendants were enjoined from the use of the corporate name. The court directed a verdict for defendant Geraldine Nichols on Count III. The issues as to Count IV were found against plaintiffs. The plaintiffs, respondents here, have not appealed the portions of this judgment adverse to them.

These findings, by implication, found against the third-party plaintiffs and in favor of third-party defendants on Counts I and III of the third-party plaintiffs' petition. The court found specifically against third-party plaintiffs on Count II. Count IV and V have passed from the case and are not at issue. The only appeal by the defendants, as explicated in the brief, is from the injunction and the ancillary orders relating to the property the trial court found belonged to the corporation, the savings account and the corporate books and records.

The single issue on appeal is which of the competing groups is the Board of Directors and is entitled to the property and powers of the corporation. The facts that have

legal significance on this issue are not in dispute.

The Certificate of Incorporation lists the original board of directors as Messrs. Webster, Noland, Kephart, Roberts, Nichols, and Lane. The Articles of Incorporation provided for no membership rights, voting or otherwise. The original board never adopted any bylaws. There never was any action by that board, to accept any resignation or elect or appoint new members, which could serve as a basis for a finding that the composition of the board was lawfully altered.

When the dispute about the church building plans was beginning to brew, Moore designated—apparently with congregational approval—several members of the Board. The congregation adopted bylaws prepared by Moore. Neither in the bylaws nor in the Articles was there any provision for membership control. The record of these various votes and appointments gleaned from the testimony in the record is, at best, confused and chaotic.

The record simply does not support a finding that there was ever any lawful change in the board of directors.

Under Missouri law, a not-for-profit corporation must be managed by a board of directors. Section 355.130 RSMo 1978.[1] The original Articles listed the six board members. The defendants' argument that the board is comprised of the original board and Meryle McCoy is mistaken. Although the board could have elected successors to members who resigned, Section 355.140, it could not expand the board, absent a bylaw or an amendment to the Articles granting that power. Sections 355.045.3 and 355.-135. There was no such amendment or bylaw. Nothing appears to show a lawful appointment of McCoy, or in fact that a lawful vacancy existed.

Plaintiffs contend the Moore group is the bona fide board. They assert the oral resignations and non-attendance by some of the original board at church or meetings were actual resignations, thus allowing the take-over by the Moore group. Their argument is fatally flawed. Although board members and congregation alike believed these actions effectuated resignations, they did not. Custom and belief are not necessarily the law. Directors hold over until the first annual election of directors or until their successors are elected and qualified. Sections 355.135.2 and 355.135.3. There was never an annual election of directors and the people Rev. Moore attempted to add to the board were not validly elected or appointed under any authorized procedures. Because no successors were validly elected to the original board, the statute mandates the original board continue to hold office, as the bona fide board, despite the purported resignations. The putative board, led by Rev. Moore, was never duly elected and thus, its votes were nullities.

Respondents' contention that the congregation's November votes (to affirm Rev. Moore, to adopt the bylaws, and to move the church) were effective to vest the corporate powers in that group is likewise without merit. For validity, respondents rely on the amendment to the Articles, which states, "[t]here are some members, having voting rights with respect to amendments ..." and "no part of the net earnings of the corporation shall inure to the benefit of, or be distributable to, its members ...." The amendment was adopted by members ostensibly entitled to vote. However, the original Articles never gave members the right to vote and no amendment or bylaw ever granted them that right.

> "Where there are no members having voting rights an amendment shall be adopted at a meeting of the board of directors upon receiving the vote of a majority of the directors in office."

Section 355.070.1(2). Thus, the congregation's vote to adopt the amendment was a nullity. Because the members were never given the power to vote and the corporation's management is entrusted to the board of directors, Section 355.130, the

[1]. All statutory references are to RSMo 1978.

**496**

votes to affirm Rev. Moore, adopt the by-laws, and move the church were likewise nullities, insofar as they purported to change the management of the corporation.

Throughout the trial of this case and the briefs on appeal, the distinction between the "church" or congregation and the corporate entity, the Full Gospel Community Church, Inc., has been blurred. Neither this court nor any other can determine as a matter of law that any group of persons who wish to do so may not form a church located at 812 Main Street in Tarkio, Missouri, and choose as their pastor the Reverend Eddie Moore. The schism of this congregation is no concern to this court or any other under the facts of this case. This opinion does not in any way direct or require the court below to make any order concerning either of the competing congregations.

Under the pleadings in this case, as they were narrowed during the trial, there is but a single issue, the lawful board of directors of the not-for-profit corporation chartered by the state as the *Full Gospel Community Church, Inc.* As to that issue, the judgment of the trial court is in error as a matter of law. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976).

The trial court's judgment is reversed and remanded with directions that Messrs. Webster, Noland, Kephart, Roberts, Nichols, and Lane be declared the corporation's board of directors. The passbook savings account No. 11–995–4 at Farmers and Valley Bank, Tarkio, Missouri is the property, as all concede, of the Full Gospel Community Church, Inc., as are the corporate books and records, and the decree should be amended to so declare.

The decree should be further amended to enjoin the third-party defendants from exercising or attempting to exercise any of the corporate powers of the not-for-profit corporation or using the name "The Full Gospel Community Church," the corporate name of the not-for-profit corporation.

All concur.