**In re The ESTATE OF Roseline M. POLETE, Respondent,**

v.

**Joe CAMPBELL, Appellant.**

**No. 54577.**

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 7, 1989.

Patrick J. Connaghan, St. Louis, for appellant.

Jake E. Sigoloff, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellant Joe Campbell brought an action in the St. Louis City Circuit Court which sought an order compelling the estate of Roseline M. Polete (respondent) to sell certain real estate located in the City of St. Louis to appellant as provided in decedent's testamentary trust. The trial court ruled that the trust granted appellant an option to purchase the property, but appellant had failed to meet several conditions subsequent. The court concluded that the option terminated upon appellant's failure to perform the conditions and appellant's right to purchase had ceased. Appellant argues that the trial court erred in concluding that the option terminated because the trust required appellant to perform actions over which he had no control. We affirm.

The cause was submitted upon a stipulation of facts and memoranda of law. The stipulation provides as follows. Decedent Roseline Polete was the owner of the premises at 1200 South Seventh. Decedent passed away on July 11, 1985. From July 11, 1985, until August 12, 1985, appellant operated Pat and Rose's Buffet located in said premises. On August 12, 1985, the

probate division appointed Delia Minor as representative of decedent's estate under her last will and testament dated August 29, 1981. Decedent's will created a trust, with 1200 South Seventh being the trust corpus and Delia Minor the trustee. Decedent's will further provides in part:

> d) JOE THOMAS CAMPBELL is granted the nonassignable right to purchase from the trust during its existence the said land and building at 1200 South Seventh Street for such price as may be mutually agreeable to the Trustee and to him, but if there be no agreement, then at such price as may be determined by averaging the appraisals of two appraisers selected by FRANK W. KRIEGEL, JR., the cost of such appraisals shall be paid by CAMPBELL, but shall be deducted from the purchase price of the said parcel and its improvements if JOE THOMAS CAMPBELL shall purchase the said property. The rights here granted shall cease and determine upon the termination of the trust or if CAMPBELL shall fail to pay the taxes and insurance premiums on the building and land or if CAMPBELL shall fail to maintain the said property in good repair or if CAMPBELL shall cease using the said premises for a tavern business.

From August 12, 1985, to the present, appellant has not used the premises at 1200 South Seventh for a tavern business. Further, appellant has not paid the taxes or insurance premiums, nor has he maintained the property in good repair. Appellant has had no connection whatsoever with Pat and Rose's Buffet. On December 28, 1985, appellant did attempt to pay the collector of revenue the taxes for 1985, but was informed that they had been paid. Attorney Frank Kriegel obtained two appraisals of the property which averaged to $18,750. Appellant alleged in his petition that he tendered a contract to Delia Minor for the purchase of 1200 South Seventh at the price of $18,750 on December 26, 1985. Appellant alleged that Delia Minor refused the sale and continues to refuse the sale. Appellant brought this action to force the sale of 1200 South Seventh to him. Each party was permitted the opportunity to present additional evidence but no further evidence was adduced.

We initially note the standard of review in this court-tried case. We will uphold the trial court's decision unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

On appeal appellant first argues that his option to purchase the property became a binding contract at the time he notified the attorney, Kriegel, of his intention to purchase the property. We agree that an option becomes a bilateral contract upon the optionee's acceptance of the offer contained in the option. *Wehmeier v. Public School Retirement System*, 631 S.W.2d 893, 897 (Mo.App., E.D.1982); *Wilson v. Edwards*, 560 S.W.2d 608, 612 (Mo.App., S.D.1978). However, there is nothing in the record to support appellant's contention that he exercised his option. The parties submitted this case to the court on a stipulation of facts. No other evidence was adduced. The stipulation is devoid of facts regarding appellant's alleged exercise of his option. No mention of any request or offer by appellant appears. Appellant's argument is unsupported by the record and is without merit. Point denied.

In his second point appellant asserts arguendo that assuming he did not exercise his option, the option did not expire because the trustee waived performance of the conditions, and the circumstances were such that appellant could not comply with the conditions. An optionee must exercise his option in strict accordance with expressly stated terms and conditions. Options to purchase are strictly construed against a person whose right it is to exercise the option. *Gottlieb v. LaBrunerie*, 514 S.W.2d 27, 31–32 (Mo.App., K.C.D. 1974). Clearly, the record supports the trial court's conclusion that appellant failed to perform the conditions set forth in decedent's will.

Appellant asserts that the beneficiaries of the trust established in decedent's will waived strict compliance with

the conditions by their actions. There is nothing in the record, however, regarding said alleged actions by the beneficiaries. Likewise appellant asserts in his brief that the conditions were difficult if not impossible for appellant to perform, but there is nothing in the record to support these contentions. Rather, the record simply reveals that appellant failed to perform the conditions. Therefore, the trial court's conclusion, on the record before us, was supported by the evidence and not erroneous as a matter of law.

The judgment of the trial court is affirmed.

GRIMM, P.J., and KAROHL, J., concur.