FANNON v CITY OF SOUTHFIELD

Docket No. 61357. Decided February 5, 1979. On application by
plaintiff for leave to appeal, the Supreme Court, in lieu of
granting leave to appeal, reversed the decisions of the courts
below and remanded for further proceedings. Rehearing denied
406 Mich 1118.

Brian Fannon was discharged from his employment by the City of
Southfield on charges of misconduct arising out of his release of
a list of city employees to a union which was attempting to
organize the employees. The Southfield Civil Service Commis-
sion affirmed. Fannon then brought an action for superintend-
ing control against the City of Southfield, its Civil Service
Commission, and various city officers seeking reinstatement in
his job and injunctive relief. The Oakland Circuit Court, Rich-
ard D. Kuhn, J., affirmed the findings and order of the South-
field Civil Service Commission and granted summary judgment
for the defendants. The Court of Appeals, Beasley, P.J., and
J. H. Gillis and Bashara, JJ., affirmed in an unpublished per
curiam opinion (Docket No. 77-1757). On application by the
plaintiff for leave to appeal the Supreme Court held:

Discharge was manifestly an excessive and arbitrary disci-
pline unjustified on the record in this case. Release of a list of
names is not specifically covered by the civil service rule
setting forth grounds for discipline, nor has the city pleaded ·
any other rule governing the release of such a list. Therefore
the charges related to use of the list must be dismissed because
they do not charge definite acts of misconduct. This is not to
say that the city may not promulgate an appropriate rule to
protect the confidentiality of city records concerning its em-
ployees.

The remaining charge related to the plaintiff's refusal to
obey the order of a superior by refusing to answer questions
concerning the release of the list. This is not a case of self-
incrimination. While a list of employee names and addresses is
not so confidential that the city can forever bar union scrutiny
for organizing purposes, the plaintiff and the union did not
observe the rule of the Employment Relations Commission
concerning such lists, and the Court cannot overrule the civil
service commission's finding of the plaintiff's culpability for

failing to directly answer questions concerning the release of the list.

Reversed and remanded for reconsideration of punishment and, if necessary, determination of back pay.

Justice Ryan, joined by Chief Justice Coleman and Justice Fitzgerald, dissented because he was not persuaded that the Civil Service Commission, the circuit court, and the Court of Appeals erred and thus would deny leave to appeal.

*Gromek & Bendure* for plaintiff.

*Sigmund A. Beras,* City Attorney, and *Phillip L. Poole,* Deputy City Attorney, for defendants.

PER CURIAM. Plaintiff Fannon, discharged from his clerical job with the City of Southfield, has raised issues on this appeal involving, *inter alia,* excessive punishment, due process of law, and protected union organizational rights. We order that Fannon's punishment must be reconsidered, and remand for further proceedings.

Fannon was hired by the city in 1974 and performed his duties ably until his discharge. He was discharged because of insubordination and violation of trust. In May of 1975, Fannon took a list of employees' names and addresses to a union organizer who copied the list and mailed union solicitation information to the employees. The list was compiled in connection with health insurance coverage for city employees. A city employee complained of the mailing, to her home, of union information, and city officials investigated how the home addresses had been obtained. Fannon refused to answer certain questions during the investigation although he did acknowledge, in response to a question at the final questioning session about the release of the list, that he was involved in union activities.

Because of the parallel between the facts of this

case and the facts of *Brown v Department of State Police,* 392 Mich 811 (1974), we conclude, as we did in *Brown:* "Discharge was manifestly an excessive and arbitrary discipline unjustified on this record." In *Brown,* a State Police officer was discharged for entering government offices under his supervision, copying certain documents found there, showing this information to third parties, and at first refusing to answer certain questions thereon.

The release of a list of names is not specifically covered by § 12.1[1] of the city's civil service rules, and the city's response to Fannon's pleadings in this Court does not set forth a specific rule governing the release of lists of employee names. We find the situation much like the one described in *Osborne v Bullitt County Board of Education,* 415 SW2d 607 (Ky, 1967), and therefore dismiss charges (1), (2), (4), and (5)[2] alleged by the city,

---

[1] "Section 12.1 *Tenure of Employment*

"The tenure of everyone holding office, place, position or employment in the City's service shall be only during good behavior and efficient service, and any such person may be removed or discharged, suspended without pay, deprived of vacation privileges or other special privileges for inefficiency, incompetency, insubordination, dishonesty, drunkenness, immoral conduct, discourteous treatment of the public, neglect of duty, violation of the provisions of the rules of the Civil Service Commission, of the City Charter, as amended, or any other act or omission detrimental to the good of the City service. The Civil Service Commission shall have the power to review all dismissals and all suspensions imposed."

[2] These were the charges against Fannon:

"(1) For your actions in compiling a list of names and addresses of city employees and passing this list on to a third party despite your knowledge that such information is of a confidential nature; (2) For your action in releasing information from city records without obtaining the prior approval of your supervisor which is required as a matter of operating procedure; (3) For your insubordinate actions in deliberately refusing to obey the order of Deputy City Administrator Robert X. Caldwell to answer his questions as to whether or not you had released a list of names and addresses of city employees to a third party without obtaining prior authorization; (4) For violating the trust placed in you by the city that you would handle confidential information in the course of your work and that you would protect the confidentiality of that information; and (5) For violating the trust

each of which relate to Fannon's use of the list. We do not intimate, in so dismissing, that the city may not, by civil service rule, promulgate an appropriate rule to protect the confidentiality of city records concerning its employees.

The remaining charge, (3), related to Fannon's refusal to obey a superior by refusing to answer questions concerning the release of the list of names. We recognize the validity of *Gardner v Broderick,* 392 US 273; 88 S Ct 1913; 20 L Ed 2d 1082 (1968), which was relied on by the Court of Appeals in resolving what it perceived as a self-incrimination question. We believe *Gardner* does not control this situation, however. In *Gardner,* during a grand jury investigation of alleged bribery and corruption by police officers, a police officer refused to sign a waiver and refused to testify in connection with the investigation.

This case involved the release of a list of names for union organizing purposes. Michigan Employment Relations Commission Rule 423.445(2)[3] is a recognition that a list of employee names and addresses is not so confidential that the city can forever bar it from union scrutiny. However, it is true that Rule 423.445(2) was not observed by Fannon and the union, and we cannot overrule the civil service commission's finding[4] of Fannon's cul-

placed in you by the city that you would conduct yourself in an honest manner and with integrity in your on-the-job contacts with individuals in positions of authority over you."

[3] Rule 423.445(2): "At least 7 days prior to the date of an election, excluding Saturdays, Sundays, and legal holidays, the employer shall submit to the commission and other interested parties a list of the names and addresses of all eligible voters in alphabetical order. This requirement may be modified by mutual agreement of the parties, or by order of the commission, or its agent."

[4] Decision and Findings of June 20, 1975:

"(3) The Commission finds that Brian Fannon was indeed insubordinate as charged when he refused to answer relative *[sic]* questions ordered by Robert X. Caldwell, Deputy City Administrator, on Tues-

pability for failing to directly answer questions as to the release of the list.

Accordingly, on consideration of plaintiff's application for leave to appeal, pursuant to GCR 1963, 853.2(4), in lieu of leave to appeal, we reverse the decisions of the lower courts and remand to the Southfield Civil Service Commission so that body may reconsider Fannon's punishment and determine. if necessary, any amount of back pay he is entitled to. Costs to appellant.

KAVANAGH, WILLIAMS, LEVIN, and BLAIR MOODY, JR., JJ., concurred.

RYAN, J. *(dissenting).* I dissent for the reason that I am unpersuaded that the Civil Service Commission, the circuit court and the Court of Appeals erred in their decisions in this case and thus would deny leave to appeal.

COLEMAN, C.J., and FITZGERALD, J., concurred with RYAN, J.

---

day, May 27, 1975 despite the fact that he had been advised by his own legal counsel and by an Assistant City Attorney for the City of Southfield that there was no criminal liability involved."