**160**

James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Appellant,

v.

UNITED STATES STEEL CORPORATION, Richard Shepherd and Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

Sept. 23, 1977.

William A. Rice, Rice & Huff, Eugene Goss, Harlan, for appellees.

Cyril E. Shadowen, Asst. Counsel, Dept. of Labor, Louisville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for appellant.

Before PARK, VANCE and WHITE, JJ.

## OPINION AND ORDER

PARK, Judge.

The Special Fund seeks to appeal as a matter of right from a judgment of the Harlan Circuit Court in an appeal to the circuit court from an award of the Workmen's Compensation Board. In its counterstatement filed pursuant to RAP 1.095(b), the appellee-employer questions whether the Special Fund must proceed by a motion for discretionary review rather than by appeal as a matter of right. We elect to treat that portion of the counterstatement as the equivalent as a motion to dismiss. RAP 1.172.

In questioning whether the Special Fund must proceed by a motion for discretionary review, the employer relies upon CR 73.-01(2), which provides in part:

A motion for review * * * by the Court of Appeals of an *appellate decision of the circuit court*, shall be made as provided in RAP 1.180. (Emphasis added)

RAP 1.180 relates to motions for discretionary review. The employer suggests that the judgment of the Harlan Circuit Court was "an appellate decision of the circuit court" inasmuch as the circuit court was exercising appellate jurisdiction under the provisions of KRS 342.285 rather than original jurisdiction.

The employer recognizes that RAP 1.180(a) provides:

A motion for discretionary review * * by the Court of Appeals of a *judgment of the circuit court in a case appealed to it from another court*, shall be prosecuted as provided by this rule * * *. Such re-

view is a matter of sound judicial discretion and will be granted only [when] there are special reasons therefore. (Emphasis added)

The judgment of the Harlan Circuit Court in question was entered in a case appealed to the circuit court from an administrative body, the Workmen's Compensation Board. The judgment was not entered in a case appealed to the circuit court from "another court." The employer requests this court to resolve what it considers to be a conflict between the provisions of CR 73.01(2) and RAP 1.180(a).

This court notes that KRS 342.290 specifically authorizes an appeal to the Court of Appeals from a judgment of a circuit court on an appeal from an award of the Workmen's Compensation Board. In addition, KRS 22A.020(1) provides:

Except as provided in section 110 of the constitution, an appeal may be taken as a matter of right to the Court of Appeals from any conviction, final judgment, order, or decree in any case in circuit court, *unless such conviction, final judgment, order, or decree was rendered on an appeal from a court inferior to circuit court.* (Emphasis added)

The rules and statutes referred to above are not in conflict.

The provisions of CR 73.01(2) apply only to an appellate decision of the circuit court in a case appealed to it from another court. A motion for discretionary review is not required when the appellate decision of the circuit court was rendered in a case appealed to the circuit court from an administrative body. In appealing from the order of the Harlan Circuit Court pursuant to KRS 342.290, the Special Fund was not required to comply with the provisions of RAP 1.180 relating to motions for discretionary review.

The motion to dismiss the appeal is denied. ALL CONCUR.