CITY OF COLUMBIA, Kentucky,
Appellant,

v.

Raymond PENDLETON and Osley
Rowe, Appellees.

Court of Appeals of Kentucky.

Feb. 22, 1980.

James Terry Hodges, Columbia, for appellant.

Thomas D. Emberton, Edmonton, for appellees.

Before BREETZ, GANT and VANCE, JJ.

VANCE, Judge.

Appellees were dismissed from their positions as police officers of the City of Columbia after the City Council heard evidence on charges that appellees had violated the rules of the Police Department. On a *de novo* appeal the trial court made a finding that the evidence preponderated against the decision of the City Council and as such exonerated the officers of the charges against them. The City appeals.

The City contends that *de novo* appeals were abolished by Section 115 of the Constitution of Kentucky adopted in 1975. It provides:

> In all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court, except that the commonwealth may not appeal from a judgment of acquittal in a criminal case, other than for the purpose of securing a certification of law, and the general assembly may prescribe that there shall be no appeal from that portion of a judgment dissolving a marriage. Procedural rules shall provide for expeditious and inexpensive appeals. Appeals shall be upon the record and not by trial de novo.

Section 115 of the Constitution has been construed to apply only to appeals from one court to another and not to apply to appeals from administrative agencies. *Yocom v. United States Steel Corp. et al.*, Ky.App., 566 S.W.2d 160 (1977); *Sarver v. County of Allen, etc.*, Ky., 582 S.W.2d 40 (1979). In *Sarver* it was held that a statutory "appeal" to the circuit court from any agency or tribunal other than the district court is really an original action and not an "appeal".

The extent and scope of *de novo* review has an interesting history in this Commonwealth. In *American Beauty Homes Corp. v. Louisville and Jefferson County Planning and Zoning Commission*, Ky., 379 S.W.2d 450 (1964), it was held that statutes providing for trial *de novo* in circuit court of administrative matters decided by appropriate bodies violates the constitutional doc-

trine of separation of powers and that such statutes were unconstitutional. The rule of *American Beauty Homes* has been considerably eroded by subsequent decisions and now applies only to zoning matters and matters of a similar nature. The cases which have eroded the principle set forth in *American Beauty Homes* are reviewed in detail in *Brady v. Pettit*, Ky., 586 S.W.2d 29 (1979). Therein the Court stated:

> In summary, it appears that in public employee discharge cases where there is a trial de novo statute, the discharged employee is entitled to something less than a classic trial de novo in circuit court. In this proceeding in circuit court the burden of proof shifts to the discharged employee. After review of the transcript of evidence or hearing the witnesses, the trial court is limited in its decision. The trial court may not substitute its judgment for that of the administrative body, that is, there may not be a substitute punishment. The trial court may find the discharged employee has failed to meet the burden of proof and affirm the action of the administrative board; or if it is found that the employee has sustained the burden of proof, the trial court may set aside the punishment.
> With the exception of *Harrell* [*Harrell v. City of Middlesboro*, Ky., 287 S.W.2d 614] and *Osborne* [*Osborne v. Bullitt County Board of Education*, Ky., 415 S.W.2d 607], where the opinions do not reveal the type proceeding in circuit court, all the opinions subsequent to *American Beauty Homes* have revealed that the trial court has heard the witnesses. This procedure has not been a subject of controversy, and in addressing the principles of de novo this court has not mentioned the procedure other than a recitation of what transpired in the circuit court.
> We are of the opinion that trial de novo be further refined to the extent that the discharged employee has the obligation of producing the transcript of evidence of the proceeding before the administrative board. We are of the further opinion that review of the transcript of evidence in circuit court is a corollary to the burden of proof which has shifted to the discharged employee. In circuit court the transcript of evidence is reviewed but the proceeding is not limited to this review; the discharged employee is accorded the right to call such additional witnesses as he may desire. The trial court's review is limited to a determination of whether the administrative body acted *arbitrarily*. (586 S.W.2d at 32, 33)

*Brady v. Pettit, supra,* was not decided until after the judgment was entered in this case. Neither party here relied upon the limitations placed upon de novo review in *Brady.* The appellant simply argues that the trial judge erroneously found that the evidence heard on the *de novo* appeal preponderated against the decision of the City Council, a standard of review established by *City of Owensboro v. Noffsinger*, Ky., 280 S.W.2d 517 (1955).

In any hearing of charges against a police officer the hearing body is faced with two determinations. It must be determined first whether the officer has violated the rules and regulations of the department and if so, the hearing body must exercise its discretion in imposing a penalty. The first determination is subject to judicial review, but the second is not. Sound public policy requires that the matter of punishment and discipline of a police officer be left to the city. *City of Richmond v. Howell*, Ky., 448 S.W.2d 662 (1969).

Appellant contends that the trial judge really decided that the officers may have committed some infraction of the rules, but that dismissal was too harsh a punishment. The statement of the trial court at the conclusion of the hearing does indicate that the trial judge did not think the charges were sufficient to warrant dismissal. However, in his written findings the trial judge held that the evidence preponderated against the decision of the City Council and exonerated the officers.

The dispute here is not so much as to what the officers said and did, but whether what they said amounted to discourtesy and insolence and whether what they did was

justified in law by the circumstances. If we were considering this question as an original matter we might reach a different conclusion from that reached by the trial court, but in a reviewing capacity we cannot reverse the decision of the trial court unless it is clearly erroneous. We cannot say upon this record that the judgment of the trial court is clearly erroneous or arbitrary.

The judgment is affirmed.

All concur.