**Douglas L. STALLINS, Appellant,**

v.

**CITY OF MADISONVILLE, O.L. Lantaff, George A. Moore, II; James "Buddy" Gill; Norman Suthard; D.W. Riley; Bob G. Simmons; and Rudy Stone, Appellees.**

Court of Appeals of Kentucky.

Feb. 7, 1986.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court April 22, 1986.

Dick Adams, Madisonville, Stephen D. Wolnitzek, Covington, for appellant.

Byron L. Hobgood, W. Michael Troop, Madisonville, for appellees.

Before McDONALD, CLAYTON and DUNN, JJ.

DUNN, Judge.

Appellant, police officer Douglas L. Stallins, pursuant to KRS 15.520(2), brought an action in the Hopkins Circuit Court contesting the action of the City Council of the appellee, City of Madisonville, finding him guilty after a hearing of a violation of the General Rules and Regulations of that city's police department, and ordering his removal and dismissal on July 10, 1984. The action also contested the City Council's action on July 2, 1984, after hearing, disallowing his written grievance wherein he protested the police chief's failure to grant his requests for additional training and for promotion and for the chief's suspending and reprimanding him on several occasions.

The trial court pursuant to the statute and the dictates of *Brady v. Pettit*, Ky., 586 S.W.2d 29 (1979), afforded him a limited trial de novo in which it considered the transcript of each council hearing and the testimony of three additional witnesses Stallins provided.

On June 6, 1985, the trial court entered what it styled its Opinion and Judgment, but which in effect was its Findings of Fact, Conclusions of Law, and Judgment, affirming the City Council's action finding him guilty and ordering his removal and dismissal from the police department and, in view of that determination, further held that the question of Stallins' grievance was moot. On June 17, 1985, Stallins filed a motion and amended motion, ostensibly pursuant to CR 52.04, "for additional findings of fact and/or reconsideration." The trial court on July 1, 1985, entered its order overruling the motion. This appeal is from that judgment.

■ The function of the hearing body in instances of charges against police officers is to make two determinations: first, whether the officer has violated the rules and regulations of the department and if so, second, it must exercise its discretion in imposing a penalty. The first is subject to judicial review; the second is not. Sound public policy requires that the matter of punishment and discipline of a police officer be left to the city. *City of Columbia v. Pendleton*, Ky.App., 595 S.W.2d 718 (1980).

■ The procedure in the circuit court upon judicial review is that as designated in *Brady v. Pettit, supra*. The discharged employee is entitled to something less than a trial de novo—a quasi trial de novo as it were. The burden shifts to the employee who has the obligation to furnish a transcript of the evidence before the hearing body and who has the right to call such additional witnesses as he may desire. The trial court in its review is to consider both the transcript and the additional testimony and it is limited to a determination of whether the administrative body acted arbitrarily in deciding whether the employee violated the rules and regulations of the police department. *See also City of Henderson Civil Service Commission v. Zubi*, Ky., 631 S.W.2d 632 (1982). As related above, however, the review does not include the punishment meted.

It is significant that in both *Brady* and *City of Columbia v. Pendleton, supra*, our Supreme Court and this Court in referring to the limitation of the trial court's review

of the administrative body's action used the expression that the trial court acted arbitrarily, rather than the expression the former Court of Appeals used in *City of Owensboro v. Noffsinger*, Ky., 280 S.W.2d 517 (1955), that the evidence considered by the trial court preponderated against the decision made by the administrative body. It follows then that the test for arbitrariness as in all reviews of actions by administrative bodies is based on the absence of substantial evidence to support the action in question, or is based on the presence of proof so overwhelming that relief must be granted to the claimant. *See Williams v. Cumberland Valley National Bank*, Ky. App., 569 S.W.2d 711 (1978), and *Paramount Foods, Inc. v. Burkhardt*, Ky., 695 S.W.2d 418 (1985).

Here, even though the trial court applied the "preponderation" rule, its determination upholding the city council's action was well within the guides recited above to determine whether the council's action was arbitrary.

■ The standard guiding this Court on the appeal from the circuit court is the "clearly erroneous" rule as promulgated in CR 52.01. We cannot disturb the trial court's determination unless it acted clearly erroneously in the sense that its determinations were not supported by substantial evidence. *See* CR 52.01; *Cherry v. Cherry*, Ky., 634 S.W.2d 423 (1979).

We shall not burden this opinion with a needless recitation of facts, all of which are of record and are well known to the parties and counsel. It suffices to relate that appellant Officer Stallins was charged with violating General Order No. 111 of the Madisonville Police Department that is as follows:

TO: All Police Department Personnel
FROM: Chief of Police
SUBJ: Recovered or Seized Property
1. Any property recovered, seized or otherwise seperated (sic) from it's (sic) rightful owner or possessor, shall be held as evidence at the Police Department's Property Room, until such time as the court makes disposition. If the above mentioned property is not to be held as evidence in a court case, it shall be returned to it's (sic) rightful owner immediately.
2. In no case shall a member of the Police Department take possession of any of the above described property for their (sic) own personal use. Any Officer, converting to their (sic) possession, any property recovered, seized or otherwise, will immediately be suspended, without pay, pending formal charges.

■ On October 2, 1983, the appellant officer, pursuant to arresting Robert Caudill, among other things seized from him a .45 caliber Colt automatic pistol, a belt and holster, and thirteen .45 caliber cartridges. He was charged with and found guilty of converting these items to his own use. As recited above, the trial court upon its review of the transcript of the Council hearings and the new proof before it of three witnesses, determined the appellant did not meet his burden and affirmed the Council's action. We likewise have reviewed the entire record, and determine that there is substantial evidence to support the trial court's findings and its legal conclusions that the appellant is guilty of the charges against him particularly with reference to the belt and holster. As indicated above, the trial court was also without error in refusing to disturb the punitive aspects of the Council's action. We agree with appellant that the punishment here is harsh, but as required by *City of Columbia v. Pendleton, supra,* cannot be the subject of our review.

■ The appellant, ostensibly pursuant to CR 52.02, on June 17, 1985, filed a motion and amended motion "for additional findings of fact and/or reconsideration ..." which was overruled by the trial court on July 1, 1985. The motions are ineffective for the reason that they were filed beyond ten days after the original findings and judgment were entered on June 6, 1985, and they requested recitation of conclusionary statements rather than of facts. *See* CR 52.02 and CR 52.04.

We also agree with the trial court in determining that the issue of appellant's alleged grievance is moot in light of his discharge. This determination by the trial court is tantamount to dismissal of this portion of the circuit court contest and should be affirmed.

The judgment of the Hopkins Circuit Court is AFFIRMED and pursuant to 2(a) of the Order Designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure for further appellate steps, are reinstated effective the date of this opinion.

All concur.