E. William HOWARD, Appellant,

v.

CITY OF INDEPENDENCE, Kentucky, a Fifth Class City, Appellee.

No. 2004–CA–001020–MR.

Court of Appeals of Kentucky.

Oct. 28, 2005.

Discretionary Review Denied by Supreme Court Sept. 13, 2006.

David Rand Steele, Covington, KY, for appellant.

H. Lawson Walker, II, Andrew R. Kaake, Cincinnati, OH, for appellee.

Before COMBS, Chief Judge; HENRY and TACKETT, Judges.

## OPINION

HENRY, Judge.

E. William Howard appeals from the judgment of the Kenton Circuit Court upholding the decision of the City of Independence terminating Howard's employment as Police Captain. We affirm.

Howard argues on appeal that: 1) an uninterested, unbiased attorney, rather than the Mayor of Independence, should have presided over Howard's termination hearing; 2) Howard's request for a public hearing was wrongfully denied; 3) the circuit court should not have made findings beyond those made by the City; 4) the

circuit court failed to review Howard's claim of "improper charging"; 5) neither the City's nor the circuit court's findings were supported by substantial evidence; and 6) the complaints are arbitrary because they are too trivial to support termination, and Howard was not afforded progressive discipline as required by the City Personnel Policy. We will examine each of these arguments in turn.

As a police officer, Howard was entitled to the due process protections provided by KRS 15.520 in his disciplinary proceeding. We have described the circuit court review of actions taken by a hearing body under that statute as "a quasi trial de novo". *Stallins v. City of Madisonville*, 707 S.W.2d 349, 350 (Ky.App.1986). "The trial court in its review is to consider both the transcript and the additional testimony and it is limited to a determination of whether the administrative body acted arbitrarily in deciding whether the employee violated the rules and regulations of the police department." *Id.* On appeal from the circuit court, this Court is guided by the "clearly erroneous" standard set out in CR[1] 52.01. *Id.* at 351. We are not to disturb the determinations of the trial court unless they are not supported by substantial evidence. *Id.* (Citations omitted). While the hearing body's determination of whether an officer has violated departmental regulations is subject to judicial review, the punishment imposed is not. *Id.* at 350, *citing City of Columbia v. Pendleton*, 595 S.W.2d 718 (Ky.App.1980). Of course, as with any appeal from a decision of an administrative agency, we review the trial court's application of the law to the facts *de novo*. *See Reis v. Campbell County Board of Education*, 938 S.W.2d 880, 885–886 (Ky.1996).

Howard's first argument is that Independence City Ordinance # 1996–0–16 (listed in the Code of Ordinances of the City of Independence as § 31.35(C)) guaranteed him, as a "non-elected city officer", a hearing before an "unbiased and impartial attorney, appointed by the City Council" rather than before the Mayor. The circuit court overruled Howard's motion for summary judgment on this issue, holding that police officers "are not non-elected officers for purposes of Independence Code of Ordinances at § 31.35(C) which requires a specific due process hearing for removal". Kenton Circuit Court Order entered April 2, 2002, p. 3. KRS[2] 83A.080(1) contemplates that non-elected city offices will be created by ordinance. The only non-elected city officers listed in the Independence Code of Ordinances § 31.35(D) for purposes of KRS 83A.080 are the City Clerk, City Treasurer, City Attorney, Building Inspector, Zoning Administrator and City Administrator. That being so, police officers are not non-elected city officers for purposes of § 31.35(C), and Howard was not entitled to a hearing before an attorney appointed by the City Council. The Mayor of Independence, as the "appointing authority", was authorized to conduct the hearing, as the circuit court correctly found. KRS 83A.130(9); KRS 15.520(1)(h).

Howard argues that the judgment should be reversed because he was denied a public hearing in violation of KRS 61.810, the Open Meetings Act. We disagree.

The circuit court found that Howard's request for a public hearing was denied. Our review of the transcript of the hearing indicates that Howard's counsel moved for a public hearing to be advertised, and that the motion was taken under submission by

---

1. Kentucky Rules of Civil Procedure.

2. Kentucky Revised Statutes.

the Mayor, but no ruling was ever entered. A discussion was held about Howard's pre-hearing motions on the record with all parties and counsel present. The City Attorney reserved any recommendation on the motion to recuse the Mayor, but recommended that the Mayor grant the motion to "voir dire" the mayor, and that the Mayor "submit" on all other pending motions. Exactly what is meant by "submit" is not explained, but from the further conduct of proceedings it appears that the matters were taken under submission for later ruling. After the Mayor was subjected to "voir dire", he overruled the motion to recuse, then commenced the hearing without further comment on any of the other prehearing motions. The motions were not renewed after the hearing was adjourned and then reconvened three weeks later. None of the remaining motions was ruled on, with the result that they were overruled *ipso facto*. The record reflects that the hearing was continued once on Howard's motion, and re-noticed once by Howard's counsel with no mention of a request to advertise the hearing.

KRS 61.810, which is pertinent here, says, in part:

> (1) All meetings of a quorum of the members of any public agency at which any public business is discussed or at which any action is taken by the agency, shall be public meetings, open to the public at all times, except for the following:
>
> . . .
>
> (f) Discussions or hearings which might lead to the appointment, discipline, or dismissal of an individual employee, member, or student without restricting that employee's, member's, or student's right to a public hearing if requested. This exception shall not be interpreted to permit discussion of general personnel matters in secret;

The City of Independence denies that the above section applies to actions conducted solely by the Mayor, because of the reference in the first paragraph to "meetings of a quorum of the members of any public agency" rather than to acts of an individual authority. We must disagree with that assessment. KRS 61.805, which provides definitions for the Open Meetings Act, defines "meetings" as "all gatherings of every kind . . ." at Subsection (1), and at Subsection (2)(a) defines "public agency" to mean "[e]very state or local government board, commission and *authority*." (Emphasis added). We believe that the coverage of the Open Meetings Law is broad enough to include the action taken here. *See Reed v. City of Richmond*, 582 S.W.2d 651 (Ky.App.1979). However, we can find no indication in this record that Howard followed the procedures provided in KRS 61.846 and .848 to obtain the relief provided by law. Having not taken the required steps, he is not entitled to any relief. *Yeoman v. Commonwealth, Health Policy Board*, 983 S.W.2d 459, 474, n. 12 (Ky. 1998); KRS 61.846 and .848. Further and of equal importance, the record is clear that Howard was afforded ample due process pursuant to KRS 15.520, as will be discussed more fully below. Even if we were convinced that the City of Independence did not substantially comply with the provisions of KRS 61.810, the action of the City would not be void but, rather, voidable in our discretion. KRS 61.848(5).

■ Howard contends that the circuit court improperly "changed" the findings and conclusions made by the City, which were the basis for the City's firing of Howard. We noted above that the circuit court review of the action taken by a hearing body pursuant to KRS 15.520 has been characterized as a "quasi trial de novo". *Stallins v. City of Madisonville*, 707 S.W.2d at 350. The circuit court must

review the transcript of the proceedings before the hearing body together with any additional testimony the circuit court allows, and determine whether the hearing body acted arbitrarily in making its determination of whether the officer violated departmental rules or regulations. *Id.* Because the circuit court has the authority to take additional proof, it must have the authority to make additional findings of fact. And as we also noted above, courts always review legal determinations made by legislative bodies *de novo.* *Reis v. Campbell County Board of Education,* 938 S.W.2d at 885–886. In most cases when the circuit court allows additional testimony, that court will enter its own findings of fact, conclusions of law and judgment, as was done here. Our review of the findings of the circuit court does not disclose a "change" in the City's findings. In restating the City's findings, the circuit court adopted those findings as its own. Our review is limited to a determination of whether those findings are clearly erroneous. On review, we find that the findings of the circuit court are based on testimony and documentary evidence of record and are supported by substantial evidence. The findings are not clearly erroneous. CR 52.01; *See Owens–Corning Fiberglas Corp. v. Golightly,* 976 S.W.2d 409, 414 (Ky.1998).

Howard argues that the circuit court failed to review his claim of "improper charging" by which he asserts that no legitimate charges were stated. The gist of the argument is that the charges against Howard were frivolous and do not state a sufficient or legal cause for removal from office.

The charging document listed each of the specifications filed against Howard and referred to the sections and subsections of the City of Independence Personnel Policies Manual allegedly violated in each specification. Generally stated, Howard was charged under six (6) separate specifications with being an inefficient and/or ineffective, and insubordinate employee. The facts which the City claimed supported the specifications were set out in detail and were proven at the hearing.

In its ruling on the parties' motion and cross-motion for summary judgment prior to the hearing, the circuit court found, and the parties apparently agreed, that KRS 83A.130(9) is applicable in this case. That statute says:

(9) The mayor shall be the appointing authority with power to appoint and remove all city employees, including police officers, except as tenure and terms of employment are protected by statute, ordinance or contract and except for employees of the council.

■ KRS 15.520 limits a mayor's ability to discharge a police officer at will if grounds set out in the statute apply. *City of Munfordville v. Sheldon,* 977 S.W.2d 497, 499 (Ky.1998). It is KRS 15.520 which provides due process protections for police officers in disciplinary proceedings. Conversely, but for the requirements of the statute, the employment of police officers is terminable at will by the appointing authority for any cause or for no cause. *See* KRS 83A.080(3).

■ Our review of the proceedings below shows that Howard was afforded due process. He was represented by counsel at all stages of the proceedings. The entire hearing was recorded and transcribed. Howard's counsel examined and cross-examined witnesses. Many of his motions and objections were sustained at the hearing. Upon a complete review of the record, we find that Howard received a full and fair due process hearing.

Howard's next argument takes issue with the findings of fact by both the City

of Independence and the Kenton Circuit Court. We have addressed this issue above. Upon our review of the record we conclude that the findings of the circuit court are supported by substantial evidence.

Finally, Howard argues that the complaints against him are so trivial that they are arbitrary and do not warrant termination and that the City did not afford Howard progressive discipline as the City's personnel policy requires. The "arbitrariness" portion of this argument is logically indistinguishable from the "improper charging" argument made above and sufficiently discussed there. The trial court found that the evidence shows that Howard was not abruptly discharged and that he was counseled after the incidents for which he was charged. Upon review, we cannot say that this finding is clearly erroneous.

The judgment of the Kenton Circuit Court is affirmed.

ALL CONCUR.