THOMPSON, K., JUDGE:
This appeal concerns attorney fees and expenses to legal counsel hired by a court-appointed receiver in a foreclosure action. VP Louisville, LLC, argues that while the Jefferson Circuit Court properly decided the issue of attorney fees and expenses in an April 2016 order, its subsequent orders were inconsistent with that order in that it did not specify the amount of attorney fees owed.
In June 2012, NBH Bank, N.A. filed a foreclosure action against VP Louisville after VP Louisville defaulted on a $4.2 million dollar loan secured by a hotel known as Value Place. Upon NBH Bank's motion, the trial court appointed Smiling Hospitality, Inc. as receiver for the hotel on July 12, 2012. The receiver order specifically stated:
That the Receiver and those agents and any property managers acting under its control shall have no personal liability in connection with their actions undertaken in furtherance of the Receiver's duties except for damages arising from their gross negligence, willful misconduct, and/or willful failure to comply with the orders of this Court.
The order also permitted Smiling Hospitality to retain attorneys with all reasonable expenses incurred to be expenses of the receivership. Smiling Hospitality and NBH Bank entered into an indemnity letter stating that Smiling Hospitality would have no liability as a result of acting as receiver.
Smiling Hospitality hired attorney Lewis J. Rotman, and the firm of Hinshaw & Culbertson, LLC (H&C), a Minnesota law firm, as its counsel. The Louisville, Kentucky, firm of Adams Law Group was hired as local counsel. The attorneys at H&C billed an hourly rate of $750 for Mr. Rotman, $315 for Shushanie Liesinger, and *755 $220 for Jessica Nelson. The attorneys at the Adams Law Group billed at an hourly rate of $285-$300 for Tad Adams and $225 for Carolyn Bauer.
Smiling Hospitality filed its first receiver report on July 20, 2012, wherein it described deplorable conditions at the hotel, including a methamphetamine lab. Thereafter, Smiling Hospitality filed monthly reports detailing its actions during that month. During the five months the receivership was in place, VP Louisville filed more than thirty motions, including objections to every receiver report, alleging Smiling Hospitality had engaged in misconduct as receiver. The trial court at no time found Smiling Hospitality engaged in any misconduct.
On October 29, 2012, the parties executed a settlement agreement which provided that operation of the hotel would be returned to VP Louisville. Smiling Hospitality remained as receiver until December 14, 2012, and operation of the hotel was then returned to VP Louisville.
On January 11, 2013, Smiling Hospitality filed a final report and a supplemental report on August 13, 2013. VP Louisville objected to the attorney fees and expenses billed by H&C to Smiling Hospitality in the amount of $206,203.52. There was no objection to any of the Adams Law Group's attorney fees. The trial court held an evidentiary hearing on the attorney fees and expenses billed by H&C, which the trial court stated was the "sole remaining issue[.]"
VP Louisville presented expert testimony from attorney Michael Gosnell who testified he had represented numerous receivers appointed for properties that he had foreclosed on for lenders. He testified the standard hourly rate for attorneys representing receiverships in Jefferson County ranges from $200-$250 per hour. His opinion was that any fees exceeding $250 per hour do not comport with local standards and fees in excess of $350 per hour should be considered extremely excessive.
Smiling Hospitality defended H&C's attorney fees as reasonable and necessary pointing to the expertise of Rotman and H&C in the area of hotels and receiverships, the success of the receivership and VP Louisville's litigious nature and harassing conduct resulting in over thirty motions and hearings. It also relied on the trial court's order giving Smiling Hospitality the power to hire attorneys as it deemed necessary.
The trial court ruled that the receiver had the right pursuant to the receiver order to hire and pay its national counsel. However, it ruled that H&C's rates exceeded local rates. It further found that for the most part, the attorney fees sought from June 2012 thru December 2012 were necessary except fees incurred for attachment of a VP Columbus II bank account, finding that was unnecessary litigation because the account was not an asset of VP Louisville.
The trial court's April 29, 2016 order stated that Smiling Hospitality was entitled to pay H&C or was entitled to a refund of any fees already paid in excess of the following: H&C "shall be compensated at the hourly rate of $375 for Lewis Rotman; $200 for Shushanie Liesinger; and $200 for Jessica Nelson." The court further ordered that there was no compensation for the time H&C billed for attachment of the VP Columbus II bank account. Finally, the time and expenses H&C billed for defending attorney fees were ordered not to be compensated by Smiling Hospitality. There was no final and appealable language in the order.
Pursuant to the April 2016 order, H&C issued a total refund of $112,431 to Smiling Hospitality, consisting of a $67,236 cash *756 refund and a $45,195 write-off of unpaid fees. Upon receipt of the $67,236 refund, the receivership went from having a zero balance to $67,236.
The receiver then filed a motion on June 16, 2016, seeking final discharge and guidance on how to disburse the proceeds resulting from the $67,236 cash refund. Attached to the motion was a letter from H&C explaining it had complied with the April 2016 order by a $84,272 rate adjustment, amounts billed for the attachment of the VP Columbus II bank account deducted in the amount of $4,067 and deduction of fees defending attorney fees. Smiling Hospitality attached an affidavit stating that it approved of the fees charged and H&C had complied with the April 2016 order.
On June 20, 2016, VP filed a motion requesting that the trial court enter an order consistent with its April 2016 order. According to VP Louisville's calculations, H&C owed a refund in the amount of $134,724.39.
NBH did not object to the $112,431 refund and sought to be paid a portion of the $67,236 remaining cash to pay a $60,000 loan it made to Smiling Hospitality. On July 22, 2016, the trial court entered an order directing Smiling Hospitality to disburse $60,000 to NBH. That order did not include both CR 54.02 finality findings.
On August 3, 2016, VP Louisville again filed a motion requesting the court to enter judgment in accordance with its April 2016 order. At this point, with the court having directed that the $60,000 be used to pay NBH, Smiling Hospitality had no funds in the receivership to continue defending itself. As a result, Smiling Hospitality and NBH agreed that pursuant to the indemnity letter, Smiling Hospitality could pay its counsel with the $60,000 previously ordered to be paid NBH.
A hearing was convened on October 6, 2016, but no one appeared on behalf of VP Louisville. VP Louisville's motion was denied, and Smiling Hospitality was discharged as receiver.
VP Louisville filed a response to the discharge of Smiling Hospitality and renewed its motion regarding the alleged overpayment of attorney fees. Smiling Hospitality responded. VP Louisville then filed a reply stating $144,668.03 total refund was due.
Following briefing, on December 7, 2016, the trial court denied VP Louisville's renewed motion for judgment. The order further stated:
2. Pursuant to this Court's order dated July 22, 2016, and as subsequently agreed by Plaintiff, NBH Bank, N.A. ("NBH") and the Court-Appointed Receiver, the Court-Appointed receiver is authorized to pay its local counsel, and return any remaining funds in the Receivership Account to NBH.
3. The Court-Appointed Receiver was discharged by this Court's Order dated October 6, 2016. The Court-Appointed Receiver and all of its officers, agents, employees, attorneys and representatives have duly and fully complied with their obligations in this lawsuit and are relieved from all liabilities in connection with the lawsuit, and the receivership is terminated.
4. All outstanding claims in this action are hereby dismissed with prejudice.
5. This is a final and appealable Order, and there is no just cause for delay in its enforcement.
VP Louisville appealed.
VP Louisville does not challenge the circuit court's April 2016 order and, in fact, agrees with the trial court's conclusion that the fees charged by H&C were unreasonable, must be reduced according to the *757 rate structure set forth in that order and that certain fees were unnecessary and not recoverable. However, it contends that the trial court's December 2016 order was not in accord with the rates and deductions established by the April 2016 order. VP Louisville argues that the trial court was required to state the evidence relied upon in approving the submitted fees. It requests that this Court reverse and remand this matter to the circuit court to find the amount to be refunded.
This case began as a foreclosure and is now in its seventh year coming to this Court as an attorney fee dispute. As the trial court correctly found following a hearing and in a detailed order entered in April 2016, the fees charged by H&C were unreasonable and some were totally unnecessary. It set forth specific rates at which those fees were to be recalculated and, wisely so, did not allow H&C to claim attorney fees for litigating the underlying fee dispute. VP Louisville disagrees with the trial court's conclusion that H&C complied with that order.
As an appellate court, we are required to give deference to the trial court's interpretation of its own orders. Harvey v. Robinson , 514 S.W.3d 1, 6 (Ky. App. 2017). Unless that interpretation is manifestly unreasonable, we will affirm. Id.
The trial court held an evidentiary hearing on the amount of attorney fees claimed owed to H&C, made detailed findings following that hearing and gave specific directives as to how those fees were to be calculated. The trial court reviewed H&C's letter explaining that it had complied with the trial court's April 2016 order and the amount refunded to Smiling Hospitality.
VP Louisville argues that there was some inconsistency with the April 2016 order and the December 2016 order because in its view, the April 2016 order required a judgment against Smiling Hospitality in its favor in the amount of $144,668.03.[1] That argument is without merit. Consistently, throughout this litigation, the trial court has held that Smiling Hospitality did not engage in any conduct that could result in liability to VP Louisville. Contrary to VP Louisville's argument, the April 2016 order states explicitly that when the trial court considered the rate issue, it was the only remaining issue. The April 2016 order did not grant judgment to VP Louisville but pertained solely to the amount of attorney fees to which H&C was entitled to be paid by the receivership.
VP Louisville argues that the trial court was required to make additional findings of fact, including conducting its own mathematical computation of the amount owed in attorney fees using the directives set forth in the April 2016 order. We can find no reason why the trial court would be required to do so when it reviewed the affidavit of Smiling Hospitality approving H&C's calculations set forth in a detailed letter submitted to the trial court and found the calculations to be in conformity with its April 2016 order.
The judgment of the Jefferson Circuit Court is affirmed.
ALL CONCUR.

It is unclear what calculations were used by VP Louisville to arrive at this amount.