RENDERED: FEBRUARY 7, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1144-MR

KYLE GRAY                                                                 APPELLANT


APPEAL FROM CAMPBELL CIRCUIT COURT
v.          HONORABLE JULIE REINHARDT WARD, JUDGE
ACTION NO. 22-CI-00902


CAMPBELL COUNTY KENTUCKY
POLICE MERIT BOARD                                        APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, A. JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Kyle Gray appeals an August 21, 2023, Opinion rendered by

the Campbell Circuit Court affirming a decision by the Campbell County Police

Merit Board (CCPMB) upholding his termination of employment from the

Campbell County Police Department (CCPD).

The gist of this appeal is the Campbell Circuit Court's interpretation

of one of its prior opinions. In July of 2021, Gray's employment with CCPD was

terminated. By Opinion rendered in May of 2022, the circuit court remanded the issue of Gray's termination of employment by CCPD back to the CCPMB. Upon remand, CCPMB upheld Gray's termination. In a second appeal to the circuit court, Gray argued the court had ordered CCPMB to conduct a new evidentiary hearing on remand, which it refused to do. The circuit court, in interpreting its prior opinion, ruled it had not ordered a new evidentiary hearing and affirmed Gray's termination from CCPD. For the reasons stated, we affirm the circuit court.

BACKGROUND

In 2021, CCPD charged Gray with three policy violations. First, review of his body-worn camera (BWC) activities showed that, after responding to a motor vehicle accident, Gray offered to transport one of the motorists to her home in Erlanger, Kentucky, because her vehicle was disabled. In contravention of CCPD policy, Gray turned off his BWC shortly after the female entered the police cruiser, and did not turn it on for the duration of his contact with her. In another incident, CCPD was notified by the Kenton County Detention Center that a female inmate had sent a "chirp" or electronic message to another inmate indicating she had engaged in sexual activity with Gray. An investigation revealed that the inmate who sent the "chirp" was a confidential informant (CI) who worked with Gray as part of his duties on Kentucky's multi-county Drug Taskforce. While Gray was on duty, the CI contacted him to see if he would provide her some food.

Gray purchased food for the CI and took it to her home. When he arrived, a roommate answered the door and stated the CI was in the shower. The roommate further instructed Gray to leave the food on the table, which he did, then left. From there, the stories differed. Gray stated that was the end of the incident, but the CI continued to maintain that Gray returned later through the back door and the two engaged in oral sex. As a result, Gray was further charged with violation of CCPD's CI policy by not having a second officer with him when he delivered the food to the CI, and for conduct unbecoming an officer.

In evaluating the charges against Gray, Police Chief Craig Sorrell took into account that Gray had been charged with violation of CCPD's BWC policy just one year prior[1] and had an unfavorable interaction with a Covington Police Officer who pulled Gray over for speeding.[2] Chief Sorrell ultimately decided to terminate Gray's employment. Gray requested a hearing before CCPMB, which was held on July 28, 2021. CCPMB rendered findings and a conclusion in December of 2021, upholding Gray's termination. Gray then appealed to the Campbell Circuit Court. By Opinion rendered May 16, 2022, the

---

[1] Kyle Gray responded to a call for a welfare check on a woman because her family was concerned she might self-harm. Not only did Gray not activate his body-worn camera during his response to the call, but after the encounter, Campbell County Police Department learned that sexually explicit text messages were exchanged between Gray and the woman after the initial encounter.

[2] Gray told the Covington Police Officer to "go back to Covington."

circuit court found that there was substantial evidence to support CCPMB's finding that Gray had violated the BWC policy, but there was insufficient evidence to show he had violated CCPD's CI policy or had acted in a manner that demonstrated conduct unbecoming an officer. The case was remanded to CCPMB to determine whether it would uphold Gray's termination considering he effectively had just one policy violation rather than three. The May 16, 2022, Opinion was not appealed to this Court.

On remand, Gray filed a motion with the board requesting that CCPMB issue a subpoena *duces tecum* to CCPD for documentation of all BWC policy violations of other CCPD officers and any subsequent disciplinary actions. Gray's goal was to show that officers frequently and regularly violated the BWC policy and received no discipline whatsoever. In other words, Gray was attempting to show unfair and selective enforcement of the BWC policy. CCPMB denied the motion to issue the subpoena, reasoning that the case was not remanded for an additional evidentiary hearing, but rather to determine whether the penalty of termination of employment was still appropriate. CCPMB again upheld Gray's termination, and Gray filed another appeal to the Campbell Circuit Court.[3]

---

[3] Gray initiated a new complaint in the Campbell Circuit Court to appeal the ruling. By order entered January 19, 2023, the case was reassigned to Judge Julie Ward, the original judge who had entered the May 16, 2022, Opinion.

In the second appeal filed on December 15, 2022, the parties extensively briefed the issues before the circuit court. Gray argued violations of Kentucky Revised Statute (KRS) 15.520 and due process violations for CCPMB's refusal to issue a subpoena *duces tecum* to CCPD.[4] Gray's central argument was that the circuit court had previously ordered a new evidentiary hearing on remand and he therefore needed CCPD's BWC policy records to show selective enforcement. In interpreting its own order, by Opinion rendered on August 21, 2023, the circuit court ultimately held that it had not ordered a new evidentiary hearing on remand and that CCPMB's decision to terminate Gray was not arbitrary.[5] This appeal followed.

## STANDARD OF REVIEW

Both parties acknowledge that KRS 15.520 is applicable to this case. The statute provides a police officer certain administrative due process protections in connection with a disciplinary proceeding. Judicial review of a police disciplinary proceeding has been succinctly set forth as follows:

---

[4] We note that there are no hearing tapes or transcripts contained in the record before this Court. Likewise, the record from the Campbell County Police Merit Board (CCPMB) proceedings do not appear in the record before us, nor does the record of Gray's first appeal to the circuit court. (Action No. 21-CI-00631).

[5] "The circuit court shall review administrative decisions by reviewing the record, briefs and any other evidence relevant to **the narrow issue of arbitrariness in the discharge of an employee**." *Crouch v. Jefferson Cnty., Ky. Police Merit Bd.*, 773 S.W.2d 461, 462 (Ky. 1988) (emphasis added).

> [T]he circuit court['s] review of actions taken by a
> hearing body under that statute as "a quasi trial de novo".
> *Stallins v. City of Madisonville*, 707 S.W.2d 349, 350
> (Ky. App. 1986). "The trial court in its review is to
> consider both the transcript and the additional testimony
> and is limited to a determination of whether the
> administrative body acted arbitrarily in deciding whether
> the employee violated the rules and regulations of the
> police department." *Id.* On appeal from the circuit court,
> this Court is guided by the "clearly erroneous" standard
> set out in CR 52.01. *Id.* at 351. We are not to disturb the
> determinations of the trial court unless they are not
> supported by substantial evidence. *Id.* (Citations
> omitted). While the hearing body's determination of
> whether an officer has violated departmental regulations
> is subject to judicial review, the punishment imposed is
> not. *Id.* at 350 [(]citing *City of Columbia v. Pendleton*,
> 595 S.W.2d 718 (Ky. App. 1980)[)]. Of course, as with
> any appeal from a decision of an administrative agency,
> we review the trial court's application of the law to the
> facts *de novo*. *See Reis v. Campbell County Board of
> Education*, 938 S.W.2d 880, 885-886 (Ky. 1996).

*Howard v. City of Independence*, 199 S.W.3d 741, 743 (Ky. App. 2005) (footnote

omitted).

However, under the unique circumstances of this appeal, we are

required to give deference to the circuit court's interpretation of its own orders.

*Harvey v. Robinson*, 514 S.W.3d 1, 6 (Ky. App. 2017). Thus, our review in this

case looks to whether the circuit court's interpretation of its first opinion was

correct. *Id.* Unless the circuit court's interpretation is manifestly unreasonable, we

must affirm. *VP Louisville, LLC v. NBH Bank, N.A.*, 578 S.W.3d 753, 757 (Ky.

App. 2019).

ANALYSIS

On appeal, Gray argues there was selective enforcement of CCPD's BWC policy and he was denied due process by CCPMB's refusal to (1) issue a subpoena *duces tecum* to CCPD; and (2) conduct a new evidentiary hearing on remand from the circuit court. Based on our review of the record below, these arguments are untimely.

We first turn to Gray's assertion that he was denied due process because CCPMB refused to issue a subpoena *duces tecum* to CCPD for access to BWC policy violations and disciplinary actions of other officers. To support his argument, Gray points to KRS 15.520, which provides, in relevant part, that:

> (7) Unless waived by the charged officer in writing, a hearing shall be conducted by the officer's appointing authority to determine whether there is substantial evidence to prove the charges and to determine what, if any, disciplinary action shall be taken if substantial evidence does exist. In conducting a hearing, the following administrative due process rights shall be recognized and these shall be the minimum rights afforded any officer charged, except as otherwise agreed to in writing by the officer and the employing agency:
>
> . . . .
>
> (f) The appointing authority, legislative body, or other body as designated by the Kentucky Revised Statutes shall subpoena and require the attendance of witnesses and the production by them of books, papers, records, and other documentary evidence at the request of the accused officer or the

charging party. If any person fails or refuses to appear under the subpoena, or to testify, or to attend, or produce the books, papers, records, or other documentary evidence lawfully required, the appointing authority, legislative body, or other body as designated by the Kentucky Revised Statutes may report to the Circuit Court or any judge thereof the failure or refusal, and apply for a rule. The Circuit Court, or any judge thereof, may on the application compel obedience by proceedings for contempt as in the case of disobedience of the requirements of a subpoena issued from the court[.]

Although Gray contends that CCPMB has "continually" and "[f]rom the start" refused to issue the subpoena to CCPD, the record refutes Gray's claim. Gray's Brief at 4, 9. Indeed, the record before this Court on appeal indicates that Gray did not file his motion for issuance of a subpoena *duces tecum* until August 15, 2022. The motion clearly was filed *after* the case was remanded by the circuit court.[6] Further, in the second appeal to the circuit court, Gray attempted to argue that, "[d]uring the previous appeal, there were arguments over subpoena duces tecum."[7] Gray then attached CCPD's response to the request for the subpoena *duces tecum* served on CCPMB on or about August 23, 2022, which, again, was

---

[6] Gray also briefly mentions that the records should have been made available under the Open Records Act. However, he does not develop this argument and there is no evidence that he ever submitted an Open Records Request at any time. We shall therefore not address this issue.

[7] *See* record on appeal at page 44, which is part of Gray's response to CCPMB's motion to dismiss the second appeal.

-8-

*after* the case was remanded.[8]  In briefs filed in both the circuit court and this Court, CCPMB points out that, in the evidentiary hearing that took place on July 28, 2021, Gray was able to cross-examine Chief Sorrell regarding multiple BWC policy violations by an Officer Lakes[9] that resulted in no disciplinary action.  It is unclear how Gray obtained information about Officer Lakes' violations and any disciplinary action (or lack thereof), but it is undisputed that Gray had an opportunity to present evidence regarding the BWC policy as applied to at least one other officer at the evidentiary hearing.  However, Gray did not request a subpoena *duces tecum* for additional records prior to his first appeal.

Gray's timing for requesting the subpoena *duces tecum* is critical due to the second issue on appeal to this Court:  Whether the circuit court ordered CCPMB to conduct a second evidentiary hearing on remand.  If we accept Gray's argument that CCPMB was ordered to conduct an additional evidentiary hearing, then it would necessarily follow that CCPMB should have granted his motion for a subpoena *duces tecum* pursuant to KRS 15.520.  However, Gray's argument has no merit.  Gray points only to the first paragraph of the circuit court's Opinion entered on May 16, 2022, that states, in relevant part, that "this case is remanded to [CCPMB] for a new hearing on the merits and to address the issues set forth

---

[8] *See* record on appeal at page 74.

[9] Officer Lakes' first name does not appear in the record before this Court.

herein." However, the opinion goes on for ten additional pages. Therein, the

circuit court found there was substantial evidence to support CCPMB's finding that

Gray had violated the BWC policy. To wit,

> The Court finds that there was substantial evidence that Gray violated BWC policy when he prematurely deactivated his camera while driving [the motorist] home following her accident. The Court does not find, for the foregoing reasons, that there was substantial evidence that Gray violated the CI policy or participated in conduct unbecoming an officer. While the board was able to terminate Gray solely on the basis of violating the BWC policy, it is unclear that it did so. The opinion rendered by [CCPMB] indicates that they considered all of the allegations as well as Gray's past discipline when making their decision to uphold Gray's termination. It is unclear from the existing record that [CCPMB] would have upheld the termination had substantial evidence not been found of all three current violations.

> Wherefore, this case is remanded to the [CCPMB] for further consideration consistent with this opinion.

May 16, 2022, Opinion at 11-12.

The circuit court was afforded the opportunity to interpret its own

order in the second appeal. When confronted with Gray's argument that it had

ordered a second evidentiary hearing on remand, the circuit court ruled that:

> It is clear from the Remand Order that [CCPMB] was not ordered to have an evidentiary hearing regarding [Gray's] misconduct. An evidentiary hearing already occurred, and the Court found that there was substantial evidence that [Gray] violated the BWC policy. The Court also found that [CCPMB] could terminate based on this violation, but the Court was unclear if termination would

-10-

> have been recommended on the BWC violation alone. Therefore, the Court remanded the matter back to [CCPMB] for further consideration but did not order a new hearing with additional evidence or testimony. [CCPMB] was ordered to reconvene and consider from the existing record if termination was still appropriate.

August 21, 2023, Opinion at 4.

As previously noted, we are required to give deference to the circuit court's interpretation of its own orders. *See Harvey*, 514 S.W.3d at 6. We will affirm the circuit court's interpretation of its own orders unless that interpretation is manifestly unreasonable. *See id.* When reading the single passage in the first paragraph of the circuit court's May 16, 2022, Opinion in context, it was not manifestly unreasonable for the circuit court to interpret the opinion to mean that it did not order a second evidentiary hearing, but rather remanded only for consideration of whether Gray's termination was still an appropriate penalty for violation of the BWC policy.

If Gray was dissatisfied with the circuit court's finding that there was substantial evidence to support violation of the BWC policy, he could have appealed the May 16, 2022, Opinion.[10] *See* KRS 15.520(8)(b). He failed to do so. Gray's argument that the circuit court remanded for an evidentiary hearing after finding there was substantial evidence to support violation of the BWC policy is

---

[10] The penalty determination by CCPMB is not subject to judicial review. *See Stallins v. City of Madisonville*, 707 S.W.2d 349, 350 (Ky. App. 1986).

not supported by the record below. Moreover, because a second evidentiary hearing was not ordered, Gray's motion for a subpoena *duces tecum* was properly denied by CCPMB.

Accordingly, the August 21, 2023, Opinion of the Campbell Circuit Court is affirmed.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Mary W. Sharp<br>Louisville, Kentucky | Carol S. Petitt<br>David P. Bowles<br>Jillian M. Sauer<br>Pewee Valley, Kentucky |