RENDERED:  MAY 22, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0482-MR

MICHAEL LEE BREWINGTON          APPELLANT

APPEAL FROM BALLARD CIRCUIT COURT
v.   HONORABLE TIMOTHY A. LANGFORD, JUDGE
ACTION NO. 23-CI-00006

LISA JILL BREWINGTON           APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, A. JONES, AND KAREM, JUDGES.

ACREE, JUDGE:  Michael Brewington appeals the Ballard Circuit Court's order

that he pay Lisa Brewington $10,000.00 pursuant to their agreed mediation order,

as well as her attorney fees of $2,000.00.  We affirm.

    Before proceeding with our review, we note that in a prior case in

which Michael's counsel advocated in this Court for a different appellant, we

"leniently decline[d] to strike [that appellant's] brief despite its substantial failure

to comply with RAP[1] briefing rules." *Carter v. Carter*, No. 2024-CA-0996-MR, 2025 WL 2942325, at *1 (Ky. App. Oct. 17, 2025). In the instant case, Michael's counsel filed another brief that is substantially noncompliant with those rules and that would justify striking the brief and dismissing the appeal. However, she filed Michael's brief nine days *before* we rendered *Carter* admonishing her. Therefore, we again, and for the final time, extend lenity. Counsel is now on notice that her filing of substantially noncompliant briefs in the future will invite the sanctions available to this Court, including a fine not to exceed $1,000, in addition to striking the brief and the possibility of dismissing the appeal.

In the underlying divorce action, the parties entered into an agreed mediation order. Under the agreement, Michael was to retain the marital home, remove Lisa from the mortgage, and pay her $10,000.00. Lisa is a teacher, and, per the agreement, Michael was to receive half of her Kentucky Teachers' Retirement System (KTRS) plan payments upon entry of a separate qualified domestic relations order (QDRO). The trial court entered a QDRO the next month. Correspondence in the record indicates the QDRO was initially rejected by KTRS because Michael's attorney failed to comply with certain statutory requirements.

---

[1] Kentucky Rules of Appellate Procedure.

Months later, Lisa filed a motion to compel, alleging Michael failed to pay her the $10,000.00 pursuant to the agreed mediation order. She sought the payment and reimbursement of her attorney fees.

Michael responded by arguing Lisa already effectively received the $10,000 because she continued receiving full KTRS payments even after initial entry of the QDRO entitling Michael to a portion. By his undocumented estimate, she received $12,400.00 that should have gone to him.

The trial court faulted Michael for the issues with the KTRS payments, ordered him to pay the $10,000.00, and also ordered him to pay Lisa's attorney fees of $2,000.00.

A trial court has authority "to enforce its own judgments and remove any obstructions to such enforcement. A court also has the right to invoke the contempt power in enforcing a judgment." *Akers v. Stephenson*, 469 S.W.2d 704, 706 (Ky. 1970) (citations omitted). "As an appellate court, we are required to give deference to the trial court's interpretation of its own orders. Unless that interpretation is manifestly unreasonable, we will affirm." *VP Louisville, LLC v. NBH Bank, N.A.*, 578 S.W.3d 753, 757 (Ky. App. 2019). The order is not manifestly unreasonable.

Despite Michael's framing of the issues, this appeal arises from the trial court's order compelling Michael's compliance with an unambiguous term in

the agreed mediation order. It does not arise from disposition of any motion he presented to adjudicate his separate issue related to the QDRO or KTRS payments.

A party who believes his legal opponent is failing to comply with an order has more than the right to present the issue to the trial court; he has the duty to do so. Self-help solutions ignore the whole purpose for presenting disputes to an objective arbiter. In a case such as this, a "but-what-about" defense is not relevant to the issue presented to the court and deprives an opponent of a proper opportunity to defend against this new, independent issue. We will not give credence to a self-help remedy never sanctioned by the trial court in the first place. Michael's defense to Lisa's motion is just as irrelevant in this Court as it was in the trial court. His belief Lisa is to blame for the defective QDRO and the resultant delay in his receipt of KTRS payments is in no way a proper defense to her claim Michael violated the agreed mediation order without his own trial court order backing him up. He cannot obtain such an order without a motion seeking one.

We affirm the June 4, 2024 order of the Ballard Circuit Court.


ALL CONCUR.


BRIEF FOR APPELLANT:

Heather L. Jones
Paducah, Kentucky

BRIEF FOR APPELLEE:

Abigail C. Barnes
Paducah, Kentucky